ISABELLA F. KINCAID, Respondent, *v.* WILLIAM ARCHIBALD, Appellant.

The provision of the Code (Old Code, § 110; New Code, § 395) requiring a written acknowledgment or promise, to take a case out of the statute of limitations, does not require that the time when the acknowledgment or promise was made should appear in the writing, or be evidenced by writing; if, therefore, a writing containing either of the prescribed requisites is without date, or if the date stated is erroneous, parol evidence may be given of the time when it was executed.

On the 1st of January, 1861, defendant was indebted to plaintiff $1,600 for money loaned. Nothing was paid thereon except the sum of $200, paid January, 1866. In August, 1872, defendant signed and delivered to plaintiff a writing, without date, in these words: "Received January, 1861, from Mrs. J. R. Kincaid the sum of $1,600, for which I agree to pay interest at the rate of seven per cent from this date. Paid January, 1866, to Mrs. Kincaid on the above $200." In an action to recover the loan, *held,* that parol evidence was competent to show when the instrument was executed; that it was a sufficient acknowledgment and promise to pay to take the case out of the statute of limitations; that the statement as to a payment, and the promise to pay interest, conclusively repelled any inference that the money was received as a gift, or in payment of a debt, and clearly implies that the transaction was a loan; that the promise to pay interest imported an existing debt upon

Statement of case.

which interest was to accrue, and the statement as to payment was an admission that the balance was unpaid; also, that the words "interest from this date," referred to the date of the loan, not to the time when the instrument was executed.

(Argued March 20, 1878; decided April 2, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 10 Hun, 9.)

This action was brought to recover for moneys alleged to have been loaned by plaintiff to defendant.

The facts appear sufficiently in the opinion.

*R. W. Van Pelt,* for appellant. In construing the receipt given by defendant the extrinsic facts and circumstances to which it relates must be considered to arrive at the intention of the parties. (*Black* v. *Col. Ins. Co.,* 42 N. Y., 393; *Knapp* v. *Warren,* 57 id., 668; *Pitney* v. *G. F. Ins. Co.,* 61 Barb., 335; *Goodrich* v. *Storms,* 5 Lans., 230; *Van Allen* v. *Mooers,* 5 Barb., 110; *Loomis* v. *Decker,* 1 Daly, 186.) An acknowledgment to raise the presumption of a promise to pay a debt barred by the statute must be unconditional, and such an one as implied a willingness to pay it. (*Bloodgood* v. *Bruen,* 8 N. Y., 362; *Com'l Ins. Co.* v. *Brett,* 44 Barb., 489; *Turner* v. *Morton,* 4 Rob., 661.) Parol evidence is inadmissible to show that a note is payable otherwise than according to its terms, or to contradict or defeat a conclusion of law. (*Thompson* v. *Hall,* 45 Barb., 214; *Payne* v. *Laden,* 1 Hill, 116; *Van Allen* v. *Allen,* 1 id., 529; *F. and M. Bk.* v. *Whitfield,* 24 Wend., 419; *Brown* v. *Hull,* 1 Den., 401; *Patterson* v. *Hall,* 9 Cow., 747; *Balis* v. *Rippi,* 3 Keyes, 210; *Graves* v. *Porter,* 11 Barb., 592; *St. N. Ins. Co.* v. *Mer. Mar. Ins. Co.,* 5 Bos., 238; *Peet* v. *Cowenhorn,* 14 Abb., 56.) An acknowledgment of indebtedness, accompanied by a repudiation of liability, though it may show the debt has never been paid, and is still a subsisting debt, will

not revive it. (1 Add. on Con., 580; *Graves* v. *Porter*, 11 Barb., 593; *Thompson* v. *Hall*, 44 id., 214; *Buswell* v. *Pioneer*, 37 N. Y., 312; *Van Hagen* v. *Van Rensselaer*, 18 J. R., 420; *Armstrong* v. *Numday*, 5 Den., 166.)

*Ralph E. Prime*, for respondent. The receipt given by defendant was an acknowledgment of the debt. (*McNamee* v. *Tenny*, 41 Barb., 495, 506; *Winchell* v. *Hicks*, 18 N. Y., 558, 560; *Ross* v. *Ross*, 6 Hun, 80; *Stuart* v. *Foster*, 18 Abb. Pr., 305, 307; *Dry Dock Bk.* v. *Am. L. Ins. and Tr. Co.*, 3 N. Y., 344, 355.) The receipt speaks as of the day of its delivery. (*Lansing* v. *Gaine*, 2 J. R., 300.) Having no date it was competent to prove when it was made and delivered. (*Draper* v. *Snow*, 20 N. Y., 331, 333.) It was not necessary that it should state any new consideration. (*Van Keuren* v. *Parmele*, 2 N. Y., 520; *Shoemaker* v. *Benedict*, 11 id., 176, 186.)

ANDREWS, J. The defendant on the 2d of August, 1872, signed and delivered to the plaintiff an instrument not dated, in these words : "Received January, eighteen hundred and sixty-one (1861), from Mrs. J. R. Kincaid, the sum of sixteen hundred dollars ($1,600), for which I agree to pay interest at the rate of seven per cent from this date. Paid January, 1866, to Mrs. Kincaid on the above, two hundred dollars."

It was shown that on the 1st of January, 1861, the defendant was indebted to the plaintiff in the sum of $1,600 for money loaned, and that no payment of principal or interest had been made on the debt except the sum of $200 paid in January, 1866. The only question is whether the receipt executed August 2, 1872, revived the claim and took it out of the statute of limitations, or in other words, is the receipt a written acknowledgment or promise within section 110 of the Code. That section is substantially a transcript from the English statute of Geo. IV., chapter 14, section 1. In England before that statute, and in this State prior to 1848,

an oral promise by the debtor to pay a debt barred by the statute of limitations, or an unconditional acknowledgment of the debt as a present subsisting liability, was sufficient to take it out of the statute. (*Danforth* v. *Culver*, 11 J. R., 146; *Sands* v. *Gelston*, 15 id., 511.)

The rule that an oral acknowledgment or promise was sufficient for this purpose, subjected a defendant to the risk of being charged by proof of admissions, misunderstood or perverted from their true meaning, and the statute of Geo. IV. was passed to remedy this inconvenience and hardship, and to substitute the certain evidence of a writing signed by the party, for the insecure and precarious testimony which was before permitted. The statute, however, did not, as was said by TINDAL, C. J., in *Hayden* v. *Williams* (7 Bing., 163), intend to make any alteration in the legal construction to be put upon acknowledgments or promises made by defendants from what before existed, but simply to change the mode of proof. What prior to the statute would have been a sufficient acknowledgment or promise, was after the statute sufficient, if reduced to writing, signed by the party to be charged, and in *Lechmere* v. *Fletcher* (3 Tyr., 450), it. was accordingly held that it was not necessary that the written promise or acknowledgment should state the amount of the debt, but that this could be shown by oral testimony.

The instrument signed by the defendant in this case acknowledged the receipt from the plaintiff, in January, 1861, of the sum mentioned therein. The further statement that he had paid $200 of this sum in January, 1866, and his undertaking to pay interest, conclusively repels any inference that the money was received as a gift or in payment of a debt, and clearly implies that the transaction was a loan. There is no express promise to pay the principal, but the promise to pay interest imports that there is an existing debt upon which the interest was to accrue, and the statement that $200 was paid in 1866 is an admission that the balance of the debt was unpaid. It is claimed that as the instrument contains an express promise

to pay the interest, no promise to pay the principal can be implied. But it is to be observed that no interest had been paid from January, 1861, and although the words " interest from this date," unexplained by the context, would be deemed to refer to the time when the paper was executed, we think in this case they refer to the date of the loan stated in the first clause of the same sentence, and that they were inserted to show that interest was to be paid from that time, and not for the purpose of limiting the obligation of the defendant to the payment of interest only, to the exclusion of the principal.

There being no date to the receipt, parol proof of the time of its execution was allowed against the objection of the defendant. It was doubtless an essential part of the plaintiff's case to show that the receipt was given within six years before the commencement of the action. The proof was properly admitted. The general rule is that when the time of the execution of a written instrument becomes material it may be proved by parol, even in opposition to the date when it contains one. (SELDEN, J., *Draper* v. *Stow*, 20 N. Y., 333.) Such proof does not infringe upon the rule excluding parol evidence to alter, add to, or contradict a written instrument. The date, when expressed, is not considered a part of the instrument so as to exclude proof of the actual time of execution. The proof that the receipt was given in August, 1872, was a material fact. But section 110 of the Code does not require that the time when the acknowledgment or promise is made should appear in the writing, or be evidenced by writing. To require this would be to ingraft a condition not contained in the section. All that it requires is that the promise or acknowledgment should be proved by a writing signed by the debtor. If the writing relied upon contains either of these requisites, it is sufficient, and if the date is omitted or wrongly stated, the case is subject to the ordinary rule allowing parol evidence of the time when the writing was executed. The case of *Hartley* v. *Wharton* (11 Ad. & El., 934) is an authority in point.

The fifth section of the act (9 Geo. IV), before referred to, provides, that "no action shall be maintained whereby to charge any person upon any promise made after full age to pay any debt contracted during infancy, or upon any ratification after full age of any promise or simple contract made during infancy, unless such promise or ratification shall be made by some writing, signed by the party to be charged therewith." *Hartley* v. *Wharton* was an action for goods sold and delivered by the plaintiff to the defendant, who was a minor at the time of the sale. The defendant pleaded his infancy, and the plaintiff to avoid this defense produced a paper having no address or date, signed by the defendant, as follows : " Sir, I am sorry to give you so much trouble in calling, but I am not prepared for you, but will without neglect remit you in a short time." It was proved that the paper was delivered by the defendant to plaintiff's agent after his majority, and that it had reference to the debt for which the action was brought. The defendant's counsel objected that the note was insufficient to satisfy the fifth section of the statute, as it contained no date, and did not specify the debt or the creditor's name ; but the court held it sufficient, and that the time when the writing was delivered, the person who was the creditor, and the amount of the debt, could be shown by oral evidence. In *Edmunds* v. *Downs* (4 Tyr., 179), BAILEY, B., expressed a doubt whether extrinsic evidence was admissible to establish the date of a written acknowledgment relied upon to take a debt out of the statute, but the case of *Hartley* v. *Wharton*, which was decided after *Edmunds* v. *Downs*, upon the construction of the fifth section of the statute of Geo. IV, which contains substantially the same language as the first section, resolved the doubt expressed in *Edmunds* v. *Downs* in favor of the admissibility of the evidence. Neither the statute of Geo. IV nor our statute changed the prior law in respect to the effect of a payment, and both the fact and time of payment may be shown by oral testimony. Those statutes changed the law by requiring that thereafter

in the absence of payment, a written promise or acknowledgment, one should be sufficient to revive a debt otherwise barred, but only they do not require that the time when the acknowledgment or promise was made should be expressed in the writing, or exclude oral evidence of the fact.

It being shown in this case that the paper was executed in August, 1872, it stands as an acknowledgment at that date of a liability for the loan made in 1861.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.