# City Court.

### *Trial Term—June,* 1887.

## TALBOT ET AL. *against* RECHLIN ET AL.

**Statute of Limitations—New Promise — Joint Debtors.** The defendants were partners, and plaintiffs dealt with them as a firm. The firm dissolved, and one of the defendants, in the name of the firm, made a new promise in writing. *Held,* that as the plaintiffs had no notice of the dissolution, both defendants were liable.

McADAM, Ch. J.—The Statute of Limitations applies, unless the letters written by the defendant Griffith take the case out of its operation. The rule is that a new promise or payment by one of two joint obligors revives the claim against the person making the promise or payment, but not against the other (20 *Hun,* 254 ; 8 *N. Y.* 362; 29 *Id,* 146; 37 *N. W. R.* 379; 86 *N. Y.* 484). This rule is inapplicable here, because the defendants were partners, the claim a partnership debt, and the new promise made in the partnership name. The plaintiffs had dealt with the defendants on the faith of their partnership relation, and there is no evidence that they had notice of the dissolution of the firm, and under the circumstances the act of Griffith was the act of his firm (Forbes *v.* Garfield, 32 *Hun,* 389). The acknowledgment was sufficient under the statute (37 *Hun,* 504; 73 *N. Y.* 189; 1 *Thomp. & C.* 229).

It follows that the plaintiffs are entitled to judgment for $850.55, with costs.