SHAW v. LAMBERT.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

LIMITATION OF ACTIONS—NEW PROMISE—SUFFICIENCY.

In answer to a demand for payment of a balance, defendant wrote: "In my opinion, all what I remember is that those accounts were settled long ago. If not, I am willing to do so now." Soon after, on receipt of an itemized account, he wrote that he was surprised at the amount, but would look over his

papers, when he would be more able to explain. *Held,* that there was a promise to pay whatever was due, which would remove the bar of the statute of limitations.

Appeal from trial term, New York county.

Action by Daniel McLane Shaw against Frank Lambert to recover on promissory notes. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

John W. Boothby, for appellant.
Stephen C. Baldwin, for respondent.

INGRAHAM, J. The sole question presented in this case is whether a letter written by the defendant to the plaintiff, dated November 19, 1894, was evidence of "an acknowledgment or promise" sufficient to take the case out of the operation of the statute of limitations. The action was brought to recover upon three promissory notes, two of the said notes being dated June, 1881, and the other dated November, 1881, all of which were payable within four months of their date. It is conceded that these notes were barred by the statute of limitations, the action having been commenced in 1894, but for the effect of the letter before referred to. It appeared in evidence that the plaintiff met the defendant in New York City, a short time prior to the writing of this letter. The plaintiff then said to the defendant: "You ought to settle up these differences between us represented by those notes, upon which I loaned you money when you were poor." The defendant said: "That is so; I ought. I wish you would make up the account, and send it to me. I will come over, and take lunch with you next week, and bring a check, and whatever the difference is I will pay you." As the defendant did not comply with this promise, the plaintiff wrote him a note on February 19th, saying: "Kindly send me a note by bearer, stating when you will come and see me, or whether I shall come and see you; and tell me also, please, whether you will pay me the balance due me on account of the money I have loaned you." In answer to that letter, the defendant wrote the letter relied on by the plaintiff, in which he says: "Now, Mr. Shaw, I don't know if I can help you in the matter to look over those old figures together. I would prefer you make yourself a statement of your own. In my opinion, all what I remember is those accounts were settled long ago. If not, I am willing to do so now. Please let me hear from you, and excuse my long silence." By section 395 of the Code, it is provided that "an acknowledgment or promise, contained in a writing signed by the parties to be charged thereby, is the only competent evidence of a new or continuing contract, whereby to take a case out of the operation of this title." And the question is whether or not this letter contains an acknowledgment or promise, within the meaning of this section.

There has been much discussion in the reported cases as to just what words will suffice to make an acknowledgment of, or promise to pay, an existing indebtedness sufficient to take a claim out of the statute; and learned judges have commented upon the little assistance that reported cases give in determining the effect of the particular language used.    There must be, however, an acknowledgment of a debt or a promise to pay a debt; and, in dealing with each particular case, what has to be ascertained is the intention of the writer of the instrument upon which is based the acknowledgment of the existing liability or the new promise to pay the debt. Was it his intention to acknowledge that an obligation or debt existed, or was it his intention to promise to pay a demand made upon him?    The writing must show that it was the intention of the writer to either acknowledge the debt, or promise to pay it.

As was said by Judge Spencer in Sands v. Gelston, 15 Johns. 519:

"Courts of law seem to have been convinced that the construction which has .sometimes been adopted to get rid of the operation of the statute has been carried too far, and hence a disposition has been evinced to put a reasonable interpretation upon the language of the parties,—an interpretation that shall be consonant to the meaning and intention of the speaker," and that "it would be doing violence to this admission to say that there is evidence from which a promise may be inferred to pay a demand the justice and equity of which, as well as the defendant's liability to pay it, is utterly denied."

It is clear that there is no acknowledgment that, at the time of the writing of the letter, there existed any indebtedness in favor of the plaintiff against this defendant.    In answer to a request of the plaintiff's to know when the defendant would come and see the plaintiff, and whether the defendant would pay to the plaintiff the balance due him on account of the moneys loaned to the defendant, the defendant said that he did not know that he could help in looking over these old figures, and that he would prefer that the plaintiff make a statement of his own.    There is certainly nothing here to acknowledge that any indebtedness of the defendant ever did exist, and there follows a statement that, "in my opinion, all what I remember is that these accounts were settled long ago."    The letter to the defendant makes no specific demand for any definite amount, nor for any notes mentioned.    A demand for the balance due on account of money loaned is made, and the answer to that, in effect, is that the defendant has some sort of a remembrance that those accounts had been long settled.    Is there a new promise to pay what is actually due?    The plaintiff claims such a promise is found in the words added, "If not, I am willing to do so now."    In determining just what this defendant intended when he used these words, we must look to the demand that was made upon him, and to which this letter was a reply.    The plaintiff asked defendant whether "you [the defendant] will pay me [the plaintiff] the balance due me on account of the money I have loaned you."    To that the defendant answered: "Send me a statement of your account.    In my opinion, all that I remember is that these accounts were settled long ago.    If not, I am willing to do so now."    Taking these two letters together, what was it that this defendant intended to say that he was willing to do now?    When, in answer to the plaintiff's letter asking

for payment, he wrote these words, is it not clear that he intended to say that, if his recollection about the settlement of these accounts was wrong, he would now pay what was due?    He meets a demand for a payment of a balance due by a statement of a recollection that the account was settled, and then says, in case it should appear that his recollection is wrong, he would now settle the account.    Is it possible that this defendant could have intended, when he wrote that letter, to have his compliance with the plaintiff's demand depend upon anything but the correctness of his recollection that the accounts had been settled?    The defendant was called as a witness after this letter was put in evidence.    He was not examined about the letter; nor were any facts shown to justify an inference that he did not fully appreciate the demand which was made upon him, or that there was any other intention than that to be inferred from the words used.    The utmost that could in justice be claimed by the defendant is that there was a question for the jury as to whether or not the defendant intended to promise to pay whatever should be ascertained to be actually due in case his recollection that the accounts were settled was not correct.    But the defendant did not ask that that question be submitted to the jury, and there was no exception to the charge of the court in not allowing the jury to pass upon it.    Many cases might be cited tending to sustain this conclusion, but I do not think they would be of material assistance in determining what it was that the defendant intended when he wrote this letter.

The case that is nearest to the case at bar, but which goes further than is necessary to sustain this judgment, is the case of Mosher v. Hubbard, 13 Johns. 510.    There the court said:

"In the conversation stated to have taken place between the defendant and Brown, it was not intimated by the defendant that he intended to avail himself of the statute, but the only question in his mind seemed to be whether the order had not been paid, and he promised to examine his papers, and, if he found he had paid the order, he was to write to the witness; but, as the witness testified, he never has written."

It was held that:

"This was sufficient to raise an implied promise to pay the money, unless, on examination, it should be found that the order had been paid; and there was no evidence whatever of any payment."

What we really have to determine here is what did this defendant intend when he wrote this letter; and we can see no other construction that can be given to the words used except that above indicated.    That this was defendant's intention is corroborated by his reply to the plaintiff's letter, containing the full statement of his claim.    Then defendant merely expressed surprise at the figures, and says that, before he gives an answer, he desires "to look over back for fourteen years all correspondence and memorandums I have got at home," and then says: "In the meantime, in plowing my papers through, I will be more able to explain." Thus, when the items of the plaintiff's claim were presented to him, there is nothing but a surprise at the figures, with a request for time to look at his letters and memoranda, and an expression of confidence in his

being able to make an explanation.   Considering this correspond-
ence as a whole, we can come to no other conclusion than that there
was here an express promise by defendant that he would pay what
was due upon his claim in case his recollection that it had been set-
tled was not correct.   As the jury have found by their verdict that
defendant's recollection was not correct, and that there is due from
the defendant to the plaintiff the sum of $891.02, we think the de-
fendant is liable.

The judgment should therefore be affirmed, with costs.   All concur.