(23 Misc. Rep. 629.)

## WRIGHT v. PARMENTER.

(Supreme Court, Appellate Term. June 6, 1898.)

1. LIMITATIONS—ACKNOWLEDGMENT OF DEBT.

A purchaser of goods, who had received from the seller a statement of account showing the items and price of the goods purchased, and who had had no other transactions with the seller, subsequently wrote to the latter as follows: "I regret to say that my neglect, in not responding to your statement of account, was owing to my not having disposed of but few of your goods; * * * but, now that I have got the ball rolling, am in hopes to do good business in the future. * * *" *Held*, that this was a sufficient acknowledgment of the debt to take it out of the operation of the statute of limitations.

2. SAME—TIME OF MAKING.

Such an acknowledgment is sufficient if made at any time within six years prior to the commencement of the action; nor need it state the amount of the debt.

Appeal from Sixth district court.

Action by James S. Wright against Isaac W. Parmenter. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Sproull, Harmer & Sproull, for appellant.
Benjamin N. Cardozo, for respondent.

BEEKMAN, P. J. On the 7th day of May, 1891, the plaintiff's assignor sold and delivered certain goods to the defendant, for which the latter agreed to pay the sum of $155.50. At the same time a statement of the account was mailed to the defendant, showing an indebtedness for the above amount. No part of the sum having been paid, this action was brought to recover the debt. The defense is the statute of limitations, and, unless the plaintiff is able to show an acknowledgment of the debt in writing within six years prior to the commencement of the action, the plea must be sustained.

It appears that on the 11th day of April, 1894, the defendant wrote a letter to the plaintiff's assignor, in which, among other things having no bearing upon the subject-matter of this action, he said:

"I regret to say that my neglect, in not responding to your statement of account, was owing to my not having disposed of but few of your goods (and those as samples), as it was nearly two years before I placed the first plant; but, now that I have got the ball rolling, am in hopes to do good business in the future,—that is, if Inman, who is now over there, don't reap the benefit of the trade that took me three years to establish."

The justice below held that this was not a sufficient acknowledgment of the debt to take the case out of the operation of the statute, and accordingly dismissed the complaint.

To undertake to review the cases in which the court has passed upon the sufficiency of such acknowledgments would extend this opinion beyond permissible limits. The question is usually a close one, being rather one of fact than of law, determinable upon a construction of the writing relied upon. Cudd v. Jones, 63 Hun, 142, 17 N. Y. Supp. 582; Anderson v. Sibley, 28 Hun, 18; De Freest v. Warner, 30

Hun, 94; Shapley v. Abbott, 42 N. Y. 443; Kincaid v. Archibald, '73 N. Y. 189; Shaw v. Lambert, 14 App. Div. 265, 43 N. Y. Supp. 470; Henry v. Root, 33 N. Y. 526; Woods v. Board, 136 N. Y. 403, 32 N. E. 1011. We may gather from the cases, however, certain general principles which are useful in guiding the mind to a correct conclusion. In the first place, the writing claimed to be an acknowledgment of the debt should be liberally construed. The law does not favor such a plea. It recognizes at all times the existence of a moral obligation to pay the debt, and treats the statute of limitations as simply suspending the remedy. It has never been regarded as necessary that the writing should be a formal acknowledgment of the continued existence of the debt. Whatever be the language used, if it is susceptible of a construction which fairly discloses an intention to recognize the claim, the acknowledgment is deemed sufficient within the statute, if not coupled with a refusal to pay or other conditions inconsistent with a purpose to do so; and, where conditions are imposed, a compliance therewith may be shown. A promise to pay, however, in terms, is not requisite. If the acknowledgment of the debt is sufficient and unconditional, a promise to pay it may be implied. If the writing contains either an acknowledgment or a promise, it is sufficient. Kincaid v. Archibald, 73 N. Y. 189, 193; Cudd v. Jones, 63 Hun, 142, 17 N. Y. Supp. 582.

In the case of Shaw v. Lambert, 14 App. Div. 265, 43 N. Y. Supp. 470, Ingraham, J., says:

"There has been much discussion in the reported cases as to just what words will suffice to make an acknowledgment of, or promise to pay, an existing indebtedness sufficient to take a claim out of the statute, and learned judges have commented upon the little assistance that reported cases give in determining the effect of particular language used. There must be, however, an acknowledgment of a debt or a promise to pay a debt; and, in dealing with each particular case, what has to be ascertained is the intention of the writer of the instrument upon which is based the acknowledgment of the existing liability or the new promise to pay the debt. * * * The writing must show that it was the intention of the writer to either acknowledge the debt or promise to pay it."

Nor is it necessary that the acknowledgment should be made after the statute has run. It is sufficient if made at any time within six years prior to the commencement of the action. Neither is it essential that the amount of the debt should be stated.

In Kincaid v. Archibald, supra, Andrews, J., says (page 192):

"What, prior to the statute, would have been a sufficient acknowledgment or promise, was, after the statute, sufficient if reduced to writing, signed by the party to be charged; and in Lechmere v. Fletcher, 3 Tyrw. 450, it was accordingly held that it was not necessary that the written promise or acknowledgment should state the amount of the debt, but that this could be shown by oral testimony."

A valuable review of authorities bearing upon the question under discussion will be found in the opinion of Judge Davies in the case of Henry v. Root, 33 N. Y. 526, at pages 529–535.

In considering the writing relied on in the case at bar, I am of the opinion that it fairly imports a recognition of an existing and continuing liability for the claim in suit. The proofs show, and it is not disputed, that there never had been more than one transaction between

the plaintiff's assignor and the defendant.    It also appears that a statement of account founded upon that transaction had been duly transmitted to the defendant, before the letter in question was written, which is in evidence, and shows the items and price of the goods referred to in the complaint.    We have thus a complete identification of the debt sued for with that referred to in defendant's letter.    While the letter is apologetic in form, it is none the less for that reason a plain acknowledgment that the debt was a subsisting one.    In admitting his neglect to respond to—that is, to pay—the claim, coupled with a statement of his expectation of a doing a good business in the future, the defendant as clearly acknowledged the existence of the debt as if he had so stated in as many words.    Expressing that which was necessarily implied as well as that which was said, the statement of the defendant was that he had received the account sent to him by the plaintiff's assignor showing that he was indebted to him in the sum of $155.50; that it was still due and owing; that his neglect to pay it was the subject of regret on his part; and that the reason he had not paid it was connected with his inability to sell the goods he had purchased.    The reference he then makes to his expectation of better business in the future was obviously intended to be persuasive of forbearance on the part of his creditor by holding out hopes of a settlement.    If this construction is not correct, then the paper presents the ridiculous situation of a debtor apologizing to his creditor for not paying a debt the existence of which he does not acknowledge.

The books are full of cases where the language held to constitute a sufficient acknowledgment was not more forcible or direct than was used here.    I find no difficulty, therefore, in concluding that the letter above referred to constituted a plain acknowledgment of a continuing indebtedness with respect to the subject-matter of this action, and that it was unconditional in its character.    As it was made within six years prior to the commencement of this action, the claim was, therefore, not barred by the statute of limitations, and the action of the court below in dismissing the complaint was error, for which the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.