(28 Misc. Rep. 572.)

### KAHN v. CRAWFORD.

(Supreme Court, Appellate Term. July 26, 1899.)

LIMITATION OF ACTIONS—ACKNOWLEDGMENT OF DEBT.

 In answer to a demand for payment of a claim the debtor wrote that his salary did not admit of any chance to pay any old debt, as much as he would like to; that he might be able the next year to pay the claim; and that he would be pleased to do so as soon as he could. *Held*, that it was an acknowledgment of the debt, within Code Civ. Proc. § 395, taking the claim out of the statute of limitations.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Martin Kahn against Iram D. Crawford. · From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Joseph Fried for appellant.

L. L. Van Allen, for respondent.

LEVENTRITT, J. The question involved on this appeal is whether a certain claim is barred by the statute of limitations. The action was brought to recover the sum of $127.75 for merchandise alleged to have been sold by one Samuel Baers to the defendant between the 19th day of December, 1892, and the 30th day of January, 1893. Baers died in April, 1894, and his wife, who was appointed his administratrix, transferred the claim to the plaintiff. The summons in this

action was served on the 21st of March, 1899, therefore more than six years after the cause of action had accrued. Among other defenses pleaded was the statute of limitations. On that plea judgment was rendered in defendant's favor. On the trial the plaintiff put in evidence the following letter, received in answer to a demand made for the payment of the claim in suit:

Hotel Albert, Eleventh Street, Near Broadway, New York. I. D. Crawford, Manager.

New York, Nov. 8th, 1895.

Messrs. Frank & Fried, Attorneys, City.

Mr. Joseph Fried.

Dear Sir: Your communication of the 6th inst. in reference to claim of the estate of Sam. Baers, I would state I am at work on a salary, and, it being my first year in New York, my salary is limited, and it does not admit of any chance to pay any old debt, as much as I would like to. Should things be any better for me next year, I may be able to make some arrangement in reference to this claim. Will be pleased to do so as soon as I can.

Yours, very truly,                                         I. D. Crawford.

We are of the opinion that this letter contained such an acknowledgment, within the meaning of section 395 of the Code of Civil Procedure, as to take the case out of the operation of the statute. In the case of Wright v. Parmenter, 23 Misc. Rep. 629, 52 N. Y. Supp. 99, recently decided by this court, where the language of a letter in all respects weaker than that of the one here in suit was construed, it was said:

It has never been regarded as necessary that the writing should be a formal acknowledgment of the continued existence of the debt. Whatever be the language used, if it be susceptible of a construction which fairly discloses an intention to recognize the claim, the acknowledgment is deemed sufficient, within the statute, if not coupled with a refusal to pay, or other conditions inconsistent with a purpose to do so; and, where conditions are imposed, a compliance therewith may be shown. A promise to pay, however, in terms, is not requisite. If the acknowledgment of the debt is sufficient and unconditional, a promise to pay it may be implied. If the writing contains either an acknowledgment or a promise, it is sufficient.

In the case at bar there is no dispute between the parties as to the identification of the claim. It is conceded that the claim referred to in the letter is that here in suit. The sole question is the construction of the letter. While it is no longer regarded as necessary that the acknowledgment should express a willingness to pay (Henry v. Root, 33 N. Y. 534; Cudd v. Jones, 63 Hun, 142, 17 N. Y. Supp. 582), the words, "I will be pleased to do so as soon as I can," may, in connection with the preceding language, be reasonably construed into such an expression (Shaw v. Lambert, 14 App. Div. 265, 43 N. Y. Supp. 470). The letter clearly recognizes an existing debt, and it contains nothing inconsistent with an intention on the part of the debtor to pay it. The writer refers to "this claim," classifies it as an "old debt," says he "would like" to pay it, and that he "will be pleased" to make an arrangement as soon as his salary permits. It is true, the letter does not state the amount of the debt, but this is not an essential part of the acknowledgment. Kincaid v. Archibald, 73 N. Y. 189, 192; Wright v. Parmenter, supra. As long as the letter reasonably imports the recognition of a continuing liability to pay a debt sufficiently identified, the term of the statute is extended so as

to run six years from the date of the acknowledgment. The courts, never favoring this ·plea, have always adopted most liberal rules of construction with reference to these writings, and have implied the promise to pay as long as the. debtor does not impose conditions or use language at variance with such an intention. Guided by the spirit of the authorities, we must direct that the judgment be reversed. Manchester v. Braedner, 107 N. Y. 346, 14 N. E. 405; Cudd v. Jones, supra; Kincaid v. Archibald, supra; Davis v. Noyes, 61 Hun, 87, 15 N. Y. Supp. 431; Bell v. Morrison, 1 Pet. 352; Anderson v. Sibley, 28 Hun, 16.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.