FLETCHER et al. v. DANIELS.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

STATUTE OF LIMITATIONS—WRITTEN ACKNOWLEDGMENT—DEBTOR'S LETTER—
SUFFICIENCY.

Under Code Civ. Proc. § 395, making either a promise or an acknowledgment in writing and signed sufficient to take a debt out of the statute of limitations, a debtor's letter, conceded to relate to the note in suit, which informs his creditor that he expects to call on him soon and "set all things right to his satisfaction," that he expects to realize profits from a business venture which will enable him to settle up with his creditor and "pay interest on interest as well," that the matter "has troubled him much," and he "will be a happy man when he gets it all made right," constitutes such acknowledgment as will remove the bar of the statute.

Appeal from trial term, Erie county.

Action by Edward B. Fletcher and Francis N. Fletcher, as executors of the last will and testament of William H. Fletcher, deceased, against Clayton M. Daniels. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

This action was commenced December 18, 1898, to recover on a promissory note given by the defendant to the testator of the plaintiffs for the sum of $1,500, dated January 25, 1889, and due in four months from date, with use. No payments have been made upon the note, and the only question in the case is whether or not a letter written by the defendant to the payee and holder of the note is a sufficient acknowledgment of the debt to suspend the operation of the statute of limitations. The letter reads as follows:

"Buffalo, N. Y., Nov. 28. 1893.

"My Dear Fletcher: Yours of recent date at hand. It found me sick in bed and on the verge of pneumonia, but am glad to report that I am better now and with good luck will be out in a few days. I fully appreciate your letter, and tried to call on you and let you know all about the 'gun' business and how I was fixed when I was in N. Y. ten days ago, but could not do so and get my train. We expect to have a board meeting soon, and I will be there and shall

call on you, sure, and set all things right to your satisfaction. While we have now plenty of business so far as the 'gun' is concerned, yet, as our contracts are not yet completed, there has no money come in yet, except for one gun that is on the Brazilian boat 'El Cid,' and what we have made out of that had to go in to complete other contracts now on hand, but which will bring us in a handsome profit and enable me to settle all up with you, and pay 'interest on interest' as well. I assure you, Fletcher, that this matter has troubled me much more than it has you, and I will be a happy man when I get it all made right with you.

"Very truly, etc.,                                        C. M. Daniels."

The trial court found as a fact that this letter was an acknowledgment of the note indebtedness.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Tracy C. Becker, for appellant.
Ralph A. Kellogg, for respondents.

SPRING, J. The oral proof shows that at the time the letter quoted was written the only indebtedness existing in favor of Mr. Fletcher, the payee, and against the defendant, was that evidenced by the note in suit, and it is conceded that the letter relates to that note. It unmistakably recognized the existence of an indebtedness, and an expectation on the part of the writer to pay it. He intends "to set all things right and to your satisfaction," and "to settle all up with you and pay 'interest on interest' as well," and that he "will be a happy man when I get it all made right with you." Section 395 of the Code of Civil Procedure makes an "acknowledgment or promise" in writing signed by the party to be charged thereby sufficient to take the case out of the operation of the statute of limitations. It will be observed the language used is in the alternative; and a recognition of the debt—an admission that the writer is the debtor of the person addressed—is all that is necessary to make a new date from which the statute commences to run. Cudd v. Jones, 63 Hun, 142, 17 N. Y. Supp. 582; Wright v. Parmenter, 23 Misc. Rep. 629, 52 N. Y. Supp. 99; Shaw v. Lambert, 14 App. Div. 265, 43 N. Y. Supp. 470. It is not essential that the amount or character of the obligation be specified in the written acknowledgment. Kincaid v. Archibald, 73 N. Y. 189. The defendant can be identified by parol evidence. Manchester v. Braedner, 107 N. Y. 346, 14 N. E. 405. A promise to pay is not necessary. Henry v. Root, 33 N. Y. 526, 530 et seq.; Kahn v. Crawford, 28 Misc. Rep. 572, 59 N. Y. Supp. 853. It is essential that the writing, either in precise terms or fairly construed, disclose a purpose to recognize the claim as an obligation. The letter in suit seems to have been written for the purpose of assuring the holder of the note that, while it had been long overdue, the debtor still had it in mind as a debt against him, and still expected to meet it. The reference to the "gun business" was apparently with the object of showing that the defendant still had money in that venture, and anticipated a return therefrom. He did not make his willingness or intention to pay conditional in any way upon the result of that investment. It was rather in extenuation of his failure to pay, coupled with an assurance that the obligation would still be met. It is the letter of a man who

has a debt which he cannot pay. He keenly feels his inability to do so, and is not seeking to shirk the indebtedness, but to quiet his creditor with a promise. The judgment is affirmed, with costs to the respondents. All concur.