CONNECTICUT TRUST & SAFE–DEPOSIT CO. v. WEAD et al.

(Supreme Court, Trial Term, New York County. December 17, 1900.)

1. LIMITATION OF ACTIONS—ACKNOWLEDGMENT—SUFFICIENCY.

Under Code Civ. Proc. § 395, making an acknowledgment in writing, signed by the debtor, sufficient to take a debt out of the statute of limitations, a debtor's letter, which clearly acknowledges a debt evidenced by a note, and states that he is not yet able to take up the note, and has no definite prospects of being able to do so for a long time to come, but he would like to buy the note for a small sum, constitutes such acknowledgment as will remove the bar of the statute.

2. SAME—OPERATION OF JOINT DEBTORS.

An acknowledgment by a joint debtor does not remove the bar of the statute as to his co-debtor.

3. SAME—NONRESIDENCE.

Under Code Civ. Proc. § 401, as amended by Laws 1888, c. 498, providing that "if after a cause of action has accrued against a person, he departs

from and resides without the state, and remains continually absent therefrom for one year or more, the time of his absence is not a part of the time limited for the commencement of the action," the debtor's departure from, and his residence without, the state after the cause of action has accrued do not suspend the operation of the statute, where he visits the state frequently every year thereafter, and such visits are open and notorious.

Action by the Connecticut Trust & Safe-Deposit Company against Charles K. Wead and Leslie C. Wead. Complaint dismissed as to defendant Leslie C. Wead.

Bassett & Williams, for plaintiff.
Robert K. Waller, for defendants.

McADAM, J. The action is by the indorsee against the payees of a note for the recovery of a balance of $951.26, with interest due thereon. The cause of action accrued February, 1890. At that time both defendants were residents of Malone, N. Y. In April, 1890, the defendant Leslie C. Wead departed from this state, and took up his residence and has ever since resided in Massachusetts. The co-defendant, Charles K. Wead, left Malone January, 1892, to accept a position in the patent office at Washington, D. C., but did not give up his legal residence at Malone, and voted there at the last general election. The defense is the statute of limitations. The defendant Charles K. Wead on December 27, 1897, wrote the plaintiff as follows:

"Several years ago, when the Hartford Dynamic Company went into insolvency, you held a partly-paid note of the company, indorsed by me and L. C. Wead. I am not yet able to take up the note, and have no definite prospect of being able to do so for a long time to come; but, if you are disposed to name some small sum that you will take for the note, I shall be glad, if I can do so in justice to other interests, to buy it."

Under the law of this state a writing, in order to constitute an acknowledgment and bar the statute (Code, § 395), must recognize an existing debt, and it should contain nothing inconsistent with an intention on the part of the debtor to pay it. Manchester v. Braedner, 107 N. Y. 346, 14 N. E. 405. The letter of the defendant Charles K. Wead clearly acknowledges the debt. After the acknowledgment the writer says he is not yet able to take up the note; that he has no definite prospect of being able to do so for a long time to come, but he would like to buy the note for a small sum. Not only is there nothing in the writing inconsistent with the intention of the debtor to pay the obligation, but the language used appears to be consistent with an intention to pay. He seems to give the creditor the option to wait a long time for a possible payment, or to accept a small sum at the date of writing in discharge of the note. A promise to pay is not necessary. Henry v. Root, 33 N. Y. 526, 530; Kahn v. Crawford, 28 Misc. Rep. 572, 59 N. Y. Supp. 853. And the writing is sufficient, within the authorities, to prevent the application of the statute. Shaw v. Lambert, 14 App. Div. 265, 43 N. Y. Supp. 470; Fletcher v. Daniels, 52 App. Div. 67, 64 N. Y. Supp. 861; Wright v. Parmenter, 23 Misc. Rep. 629, 52 N. Y. Supp.

99; Kahn v. Crawford, supra. As to this defendant Charles K. Wead, it must be held, therefore, that the defense is not established, and that the plaintiff is entitled to judgment.

Since an acknowledgment by a joint debtor does not keep the debt alive as to his co-debtors (Murdock v. Waterman, 145 N. Y., at page 63, 39 N. E. 829, 27 L. R. A. 418, and cases cited), a separate consideration of the liability of the defendant Leslie C. Wead is necessary. It appears that after Leslie C. Wead left Malone and took up a residence in Massachusetts he visited this state frequently, and that since the cause of action accrued, in February, 1890, and his change of residence, he has not been continuously absent from this state for one year or more. The visits were not clandestine, but as open and notorious as it is possible for visits to be. Section 401 of the Code of Civil Procedure, as amended by chapter 498 of the Laws of 1888, provided in 1890 that "if after a cause of action has accrued against a person, he departs from and resides without the state, and remains continually absent therefrom for the space of one year or more  *  *  *  the time of his absence  *  *  *  is not a part of the time limited for the commencement of the action." It is not contended that the amendment of 1896 extends the remedy of the creditor so far as this case is concerned. Prior to the amendment of 1888 the departure of the defendant and his residence without the state would have at least suspended the operation of the statute. Burroughs v. Bloomer, 5 Denio, 532; Bennett v. Cook, 43 N. Y. 537; Ullner v. Butterfield, 49 N. Y. Super. Ct. 515; Bank v. Bissell (Co. Ct.) 7 N. Y. Supp. 53. The section of the Code quoted from was construed in Costello v. Downer, 19 App. Div. 434, 46 N. Y. Supp. 713, and the court held that the amendment necessitated a continuous absence from the state for the space of one year or more, in addition to nonresidence, to effect a suspension of the statute. Parker, P. J., writing the opinion, said, at page 437, 19 App. Div., and page 715, 46 N. Y. Supp.:

"I am aware that under this construction the presence of the defendant in this state for the full period of six years has not been secured to this plaintiff, and that similar instances may frequently occur. But such condition seems to necessarily result from the comparatively recent requirement in the statute that the absence of the debtor must be continuous for the space of one year. However onerous upon the plaintiff this construction may prove, we must assume that the legislature has provided for all the exceptions which a sound public policy dictated, and must administer the law as we find it."

See, also, Hart v. Kip, 148 N. Y. 306, 42 N. E. 712.

Although the absence here differs much in degree from the absence in the Costello Case, there is no logical reason, in view of the clear intention of the legislature, for a different conclusion. The complaint must therefore be dismissed as to the defendant Leslie C. Wead.