# THE
# NEW YORK SUPPLEMENT
## VOLUME 154

---

### ROSOFSKY v. LUCAS.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. MONEY LENT ☞7—SUFFICIENCY OF EVIDENCE.

In an action for money lent, evidence *held* to show that defendant borrowed $30 from plaintiff.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 11–13; Dec. Dig. ☞7.]

2. LIMITATION OF ACTIONS ☞148—MONEY LENT—NEW PROMISE.

Where defendant borrowed money of the plaintiff in 1907, his letter to plaintiff's husband in 1914, stating that he had promised to send money and would do so as soon as he had any, was a new promise sufficient to take the indebtedness out of the six-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 597–603; Dec. Dig. ☞148.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Tillie Rosofsky against Oscar Lucas. Judgment for defendant. Motion for new trial denied, and plaintiff appeals. Judgment and order reversed, and judgment for plaintiff.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Jacob W Block, of New York City, for appellant.

William A. Keating, of New York City, for respondent.

GUY, J. In this action to recover $30 alleged to have been loaned by the plaintiff to the defendant on or about November 12, 1907, defendant denied the loan and set up the statute of limitations as a defense. The plaintiff's husband testified that he called upon the defendant in July, 1914, and the defendant said that he could not afford to pay the debt then, but that he added, "Give me your address, and I will see what I can do for you in a week or two;" that subsequently the witness received a letter from the defendant, which is as follows:

"August 5.

"Dear Sir Rosofsky: I have promised to send you money but I cannot do it now being money is hard to get now. I cannot draw any money from the bank before 60 days. As soon as I get it I will send some.

"Yours truly, O. Lucas."

---

After plaintiff's husband received the letter, he swore he called on the defendant again, and the latter said, "Next week I will send some money sure." The defendant testified that he never borrowed any money from the plaintiff; that when the plaintiff's husband called on him, Rosofsky asked for $20 that was loaned to the defendant's brother; and that the defendant promised to pay after he got the money from his brother. The brother swore that he borrowed $25 from the plaintiff in 1907; that he had paid $5 on account, and that he offered the plaintiff 25 cents a week, but she refused to take it. The plaintiff's testimony that she loaned the money to the defendant was corroborated by that of her daughter, who swore she was present when her mother gave the money to the defendant.

After the justice decided in favor of the defendant, plaintiff made a motion for a new trial. It seems, from the order denying the motion, that a new trial was denied because, as stated in the order, the debt sued on had accrued more than six years prior to the commencement of the action, thus indicating that the trial justice did not decide the case on the merits.

[1] Considering the letter written by the defendant, without reference to the testimony introduced on behalf of the plaintiff, it is doubtful, to say the least, whether the writing is either an acknowledgment of or a promise to pay a debt. We think, however, that the weight of evidence is in favor of the plaintiff, that the defendant did borrow the $30 from her, that in 1914 he promised her husband to repay the debt, and that in pursuance of that promise he wrote the letter hereinbefore referred to.

[2] In the light of these findings, the writing was a new promise to pay the indebtedness sufficient to take the case out of the operation of the statute. Serrell v. Forbes, 106 App. Div. 482, 94 N. Y. Supp. 805; Wright v. Parmenter, 23 Misc. Rep. 629, 52 N. Y. Supp. 99; Shaw v. Lambert, 14 App. Div. 265, 43 N. Y. Supp. 470; Fletcher v. Daniels, 52 App. Div. 67, 64 N. Y. Supp. 861; Kincaid v. Archibald, 73 N. Y. 189; Lechmere v. Fletcher, 1 Cr. & Mee. 623.

It follows that the judgment and order must be reversed, with costs, and judgment granted in favor of the plaintiff for the sum of $30, with interest from the 12th day of November, 1907, and appropriate costs in the court below. All concur.