QUAKER OATS COMPANY, Respondent, v. WILLIAM H. D. NORTH, Appellant.

(Supreme Court, Appellate Term, Second Department, December, 1917.)

Promise — what is an unconditional, personal promise to pay note — negotiable instruments.
Statute of Frauds — corporations — Statute of Limitations.

A corporation of which defendant was treasurer was indebted to plaintiff on a demand note dated June 28, 1909, and in response to urgent appeals for payment, though no suit was threatened, defendant on January 12, 1910, wrote a letter in his own name to plaintiff which contained the following: "I will agree to pay One hundred (100) Dollars per month until the bill is settled or until I can make arrangements to settle the full amount which I am in hopes of doing soon." *Held*, that the letter was defendant's personal promise to pay the note.

Where immediately upon the receipt of said letter plaintiff desisted from further appeals until February 28, 1910, and then merely wrote to remind defendant of the delayed though promised payment of the second $100 installment, the first having been paid, the letter of January 12, 1910, construed in the light of the circumstances, clearly imported that the consideration for defendant's promise to pay $100 a month was to be plaintiff's forbearance to proceed against the maker of the note; such consideration was fairly inferable from the language of said letter, was sufficient to support defendant's promise and the letter was a memorandum sufficient to meet the requirements of the Statute of Frauds.

A letter written by defendant on November 10, 1913, in which he made an unconditional promise to pay, was sufficient to take the claim out of the Statute of Limitations, though in the letter it was also stated "I do not agree that I am personally liable."

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of

Brooklyn, first district, rendered July 5, 1917, in favor of plaintiff for $824.06 damages and costs, after a trial by the court without a jury.

Charles Weishaupt, for appellant.

Fred M. Ahern, for respondent.

BENEDICT, J. This is an action for $492.56 on a written agreement to assume the payment of a note of a corporation. The answer denied in part the allegations of the complaint and set up as defenses want of consideration, the Statute of Frauds, and the Statute of Limitations.

In January, 1910, North Brothers, a corporation, of which defendant was treasurer, was indebted to plaintiff on a promissory note for $592.56, dated June 28, 1909, and payable on demand. The plaintiff was, and for some time had been, pressing for payment, although it had not threatened suit. On January 12, 1910, defendant wrote a letter to plaintiff, expressing regret at not having kept his promises, and containing the following statement:

" I will agree to pay One hundred (100) Dollars per month until the bill is settled, or until I can make arrangements to settle the full amount which I am in hopes of doing soon. Very sorry to keep bothering you in this matter, as you have been very lenient, and assure you that the kindness has been greatly appreciated. If this is agreeable, I feel that I can carry it out.
" Yours very respectfully,
" W. H. D. NORTH."

On February 28, 1910, plaintiff wrote defendant as follows:

" Mr. W. B. North,
    " 526 So. Boulevard,
            " N. Y. City:
    " DEAR SIR.— We trust we will be in receipt of
another $100.00 to apply against balance due on your
account, being the agreement we accepted, as per your
letter of Jan. 12th.
    " Thanking you for past favors, we are,
        "Yours very truly,
            " THE QUAKER OATS COMPANY, New York."

After further dunning letters from plaintiff, defend-
ant wrote a letter on April 20, 1910, in which he said:
    " I am expecting before the close of this month to
receive some money whereby I will be able to make a
payment which I will be very pleased to do, as the kind
consideration of the Quaker Oats Company has shown
to me, caused me to be very anxious to settle the
account, which you can depend I will do as soon as
possible."

Further letters followed urging payments, and on
October 12, 1910, defendant wrote a letter to plaintiff,
in which he said:  " I am sorry that I was not able to
pay monthly, as promised, but will now promise to
make a remittance this month, which I will try and not
fail to do."

The letter of January 12, 1910, is relied upon by
plaintiff as constituting an assumption of the indebted-
ness by defendant personally.  Defendant urges that
it should not be so construed — that defendant should
be deemed to have written it in his capacity as treas-
urer of North Brothers, and not individually.  It is to
be observed that the letter was not written on the letter
head of North Brothers, but on that of the North Sand
Company, and was signed by the defendant in his own
name, and not as an officer of North Brothers.  The
subsequent letters of defendant above quoted tend to

confirm the conclusion that he intended to assume personal liability; and finally defendant's attorney in this action stipulated that defendant would admit on the trial that he had assumed the indebtedness. I think there is no escape from the conclusion that defendant promised personally to pay the note. Defendant's testimony to the contrary is overborne by the weight of the documentary evidence.

It is urged on the part of defendant that there was no consideration for this promise, and that, if there were a consideration, it was not expressed in the writing (letter of January 12, 1910), and hence that letter was not a sufficient writing to satisfy the Statute of Frauds. These two questions can be discussed together. There is, of course, no question but that such a promise, to be binding, must be supported by a consideration; and it is also clear that the writing must show that there was a consideration. *Barney* v. *Forbes,* 118 N. Y. 580, 585; *Seymour* v. *Warren,* 179 id. 1; *Brumm* v. *Gilbert,* 50 App. Div. 430; *Union National Bank* v. *Leary,* 77 id. 332. It is not necessary, however, that the consideration be expressly stated. It is sufficient if the consideration be fairly inferable from the writing. In *Seymour* v. *Warren, supra,* plaintiff sued upon a contract not to be performed within a year, which was evidenced only by a letter written by defendants, wherein they proposed to take entire charge of certain premises owned by plaintiff, to keep them in order and pay all expenses until a certain date, and to pay plaintiff seventy-five dollars a month. If at the termination of the agreement the rent should have been advanced, the monthly payment to plaintiff was to be increased in proportion. It was claimed by defendants that this writing did not express the consideration — that is, did not show what plaintiff was to do on her part — and hence was not sufficient to satisfy the Statute of Frauds. The Court of Appeals

held, however, that the writing imported an agreement on the part of plaintiff that defendants should have the right to collect the rents. The court said: "No particular form of words is necessary to be used for expressing the consideration. It is enough if, from the whole instrument, the consideration appears in express terms or by fair or necessary inference. As a general rule the statute is satisfied when the memorandum shows with reasonable clearness that the defendants' promise is designed to procure something to be done, forborne, or permitted by the party to whom it is made, either to or for the promisor or a third party."

In *Union National Bank* v. *Leary, supra,* the plaintiff sued upon a guaranty which, after reciting two notes of a corporation held by the plaintiff, proceeded as follows: " I will be personally responsible for the payment of the two notes, with interest, within a reasonable time to The Union Natn'l Bk. of Lewisburg."

In answer to the objection that this writing did not express the consideration, and hence was not sufficient to satisfy the Statute of Frauds, the court said that the rule was that the consideration must be " expressed in words or be fairly inferable " from the writing, and that, " In arriving at a correct construction of the instrument all of the facts and circumstances connected with its delivery, the reasons therefor, and the purpose to be accomplished may be shown by oral proof. (*Coe* v. *Tough,* 116 N. Y. 273; *Barney* v. *Forbes, supra.*)" This doctrine was reaffirmed by the same court on appeal from the second trial (see 95 App. Div. 381), and the latter case was affirmed in the Court of Appeals. See 183 N. Y. 546.

This is, I think, applicable to the instant case. The letter of guaranty or of assumption, if you please, which is here involved was written in response to urgent appeals on the part of the plaintiff for payment

of the debt of North Brothers.   At once upon the receipt of defendant's letter promising to pay $100 a month plaintiff desisted from further appeals until February twenty-eighth, and then merely wrote to remind the defendant of the delayed though promised payment of the second $100 installment, the first installment having been paid by him.   The writing (letter of January 12, 1910), construed in the light of the surrounding circumstances, clearly imports that the consideration for defendant's promise to pay $100 a month was to be plaintiff's forbearance to proceed against the corporation.   This seems to have been the actual consideration, and it is fairly inferable from the language of the letter.   The memorandum was, therefore, sufficient to meet the requirements of the Statute of Frauds. *Brumm* v. *Gilbert, supra,* is distinguishable from the instant case, in that the guaranty showed on its face that all the profits from the principal debtor's business were to be applied to the payment of the debt from and after the date of the guaranty.

The consideration was sufficient to support the promise.   *Union National Bank* v. *Leary, supra,* 336; *Brumm* v. *Gilbert, supra,* 432.

The only other question which need be noticed is whether defendant's letter of November 10, 1913, is sufficient to take the claim out of the Statute of Limitations.   This letter is, I think, sufficient for that purpose.   Despite the statement of defendant that, " I do not agree that I am personally liable," there is an unqualified promise to pay, and that is enough.   *Shaw* v. *Lambert,* 14 App. Div. 265; *Levy* v. *Popper,* 106 id. 394; *Rosofsky* v. *Lucas,* 154 N. Y. Supp. 1.

I advise the affirmance of the judgment, with costs.

Clark and Callaghan, JJ., concur.

Judgment affirmed, with costs.