J. GORDON BAKER, Plaintiff, *v.* JOSEPH C. WATSON and Another, Defendants.

City Court of New York, New York County, March 20, 1930.

*Isidor Block*, for the plaintiff.

*Dills & Towsley*, for the defendants.

NOONAN, J.   Plaintiff sued the defendants, who are sales agents of the Ford Motor Company, on two causes of action.   In support of the first cause of action he proved an oral contract of employment which was made with the defendants on December 3, 1927, by which he was employed during that month to sell the new Ford car in its various types on the basis of five per cent commission on all orders procured by him with a twenty-five-dollar deposit from the customer and accepted by the defendants.   If the deposit was less than twenty-five dollars, he was nevertheless to receive the agreed commission, if the order was accepted by the defendants.

The plaintiff obtained sixty orders during the month of December, on which he received as part payment on his commissions the sum of $375.

The jury awarded him a verdict for the balance of the commissions earned by him during that month in the sum of $1,211.85.

The second cause of action is based on a written contract of employment which the plaintiff proved was signed by the parties on January 3, 1928, although dated December 1, 1927.   It provided for a " strictly commission basis of 5% of list prices, payable after car, truck, tractor has been delivered to customer and paid for in cash or its equivalent."   The orders signed by the customers also contained a provision that the defendants were not responsible for failure to make delivery through any cause whatsoever.   During the month of December, 1927, seven cars were delivered to the customers, and the same number were delivered in the month of January, 1928.   The plaintiff left the employment of the defendants on February 17, 1928. From January 3, 1928, to February 17, 1928, he received as advances the sum of $322.   The court construed the written contract as requiring the plaintiff to prove an actual delivery of the car and payment by the customer to entitle the plaintiff to recover his commissions.   There being no proof under this construction that the plaintiff was entitled to any commissions, the second cause of action was dismissed.

The defendants contended that there was but one contract of employment, which was the written contract sued upon by the plaintiff in his second cause of action.   The proof of the defendants established that this contract, which was dated December first, was signed by the parties on December 4, 1927.   The defendants denied that the plaintiff was ever employed under an oral contract for the month of December, and testified that the written contract was the one under which the plaintiff commenced his employment on December 5, 1927.   There is no dispute that the plaintiff com-

menced his work as a salesman for the defendants on December 5, 1927.

At the time of the plaintiff's employment, the new Ford automobile in its different designs was just introduced to the public.

The plaintiff has recovered a verdict because the jury believed his story that there was an oral contract of employment covering the month of December which antedated the written contract. On this motion to set aside the verdict of the jury, the defendants stress two points: *First*, it is contended that the court erred in permitting evidence to be introduced as to the oral contract of employment, and, *secondly*, the defendants urge that the verdict of the jury, in their finding that the oral contract was made, is against the weight of the evidence. On the first contention, it is my judgment that the evidence as to the oral contract of employment was properly received. The written contract of employment purports to be signed on December 1, 1927. There was a clause in it which said that it became effective as of its date. According to the plaintiff, the written contract was not executed by the parties until January 3, 1928, and became effective from that time on during the period of plaintiff's employment under it. The defendants' proof is that the contract was signed by the parties on December 4, 1927. I think it was competent to allow parol evidence as to the actual date of execution. The intention of the parties was to be ascertained. When was this written contract to become operative? The date of execution was the thing. In *Draper* v. *Snow* (20 N. Y. 331, 333) the court said: " The time when a contract is executed is no more a part of the contract than the place where it is executed. Both belong to that class of attending and surrounding circumstances which may always be resorted to for assistance in explaining and applying the terms of the contract." In *Kincaid* v. *Archibald* (73 N. Y. 189, 193) it was said: " The date, when expressed, is not considered a part of the instrument so as to exclude proof of the actual time of execution." Later cases have enunciated the same principle. (*Weller* v. *Hersee*, 10 Hun, 431; affd., 74 N. Y. 609; *Bank of New York & Trust Co.* v. *Atterbury Brothers, Inc.*, 226 App. Div. 117, 122; *Trenton Potteries Co.* v. *Title Guarantee & Trust Co.*, 176 N. Y. 65, 74.)

As to the contention that the verdict is against the weight of the evidence, it is my judgment that the proof is not so overwhelming on this score that the court should substitute itself in the jury's place and set aside their determination. No doubt, the defendants can point to certain phases of the evidence, notably defendants' Exhibits A and B, which give considerable force to their argument that the jury was influenced by the plaintiff's situation rather than by the

evidence in reaching their finding. However, the question of fact as to the making of the oral contract was one for their consideration on all the evidence, and I do not think I would be justified in disturbing their conclusion.

The motion to set aside the verdict of the jury and for a new trial is denied, with an exception to the defendants. Ten days' stay and thirty days to make a case.