STEPHEN HASBROUCK, Appellant, *v.* JOSEPHINE L. DISBROW, Respondent.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

1. *Pleading. Supplemental answer. When denied.* The allowance of a supplemental answer is not a matter of strict right, and, when such permission will work injustice, leave will be denied.

2. *Same.*—Where the matters contained in the complaint in this action were pleaded as a counterclaim in a suit subsequently brought by defendant, in which a judgment was permitted to be taken by default, and the apparent adjudication against such claim flowing from such default was unintentionally overlooked, and such record is now sought to be pleaded in bar in the supplemental answer, leave to file the new plea will, under these circumstances, not be granted.

Appeal from an order granting leave to serve a supplemental answer.

*Francis Larkin,* for appellant.

*James Flynn,* for respondent.

PRATT, J.—The allowance of a supplemental answer is not a matter of strict right.

When it is made to appear that such permission to plead will work injustice, it will be denied.

Examining the case before us, we find that the matters contained in the complaint were pleaded as a counterclaim in a suit subsequently brought in another county, by defendant, in which judgment by default passed against this plaintiff; the record of which is now sought to be pleaded in bar to the present action.

Ordinarily such defenses are greatly favored, as the public time should not be wasted upon controversies once determined. But in the present case the question apparently adjudicated has not in fact been passed upon.

The negotiations which led to the taking of the default without disposition are not disputed, and it is entirely clear that the apparent adjudication against the present claim flowing from such default was overlooked. Had it been perceived, this claim would have been withdrawn from the record in that action, and the present question would never have arisen.

Under these circumstances leave to file a new plea should not be granted. What effect the judgment will have, if offered in evidence without being pleaded, is not before the court, and need not be discussed.

A certain measure of strictness may have its advantages; but the court will not, if it can be avoided, visit upon a litigant the loss of a claim of $8,000, because an attorney momentarily lost sight of a remote consequence of an arrangement in which the opposite party surrendered nothing.

Order appealed from reversed, with ten dollars costs and disbursements in this court, and ten dollars costs of Special Term.

All concur.