GEORGE PATTERSON, Respondent, *v.* JOSEPH HARE, Appellant.

*Opening a judgment — allowing service of a supplemental complaint — Code of Civil Procedure, § 544 — review of the exercise of discretion.*

The opening of an interlocutory judgment in an action brought to dissolve a partnership and for an accounting, and permitting the plaintiff to serve a supplemental complaint, on the ground that the plaintiff was ignorant of the facts set. out in the proposed supplemental complaint, at the time the original complaint was served, is within the power conferred upon the court by section 544 of the· Code of Civil Procedure, and, where the facts justify the granting of such relief, a case is presented where the provisions of that section may be regarded as mandatory.

The exercise by the Special Term, in a proper case, of its discretion in granting leave to serve a supplemental pleading, should not be interfered with by the General Term on appeal, unless the General Term can clearly see that there was an abuse of the exercise of discretion.

APPEAL by the defendant, Joseph Hare, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of Rensselaer county on the 6th day of June,

1893, opening an interlocutory judgment, and granting leave to the plaintiff to serve a supplemental complaint.

The action was brought for the dissolution of a co-partnership and an accounting. The summons and complaint were served on the 29th day of October, 1891. The answer was served on the 14th day of November, 1891. On the 21st day of January, 1892, the action was referred to a referee to hear and determine all the issues.

The action was submitted to the referee on the 4th day of October, 1892. On the 14th day of January, 1893, an order confirming the referee's report, and directing the entry of an interlocutory judgment, was made, and on the 4th day of February, 1893, an interlocutory judgment was entered. The plaintiff moved at a Special Term, held on the 6th day of May, 1893, for an order granting him leave to serve a supplemental complaint. The motion was postponed by the court, and came on to be heard at a Special Term held on the 30th day of May, 1893, when the motion was granted. From the order granting said motion, made and entered herein on the 6th day of June, 1893, this appeal is taken.

*C. D. Hudson,* for the appellant.

*Farrel & Finder,* for the respondent.

MAYHAM, P. J.:

The relief granted on this motion was largely in the discretion of the Special Term at which the order was made, and the power of the court to grant such relief is not, and cannot, we think, be questioned. (Code Civ. Proc. § 544.) The reason stated for the application for leave to serve a supplemental complaint in this case is one of those given in this section, viz., that the plaintiff was ignorant of the facts, which are set out in the proposed supplemental complaint, at the time the original complaint was served. If this is a proper case for the granting of such relief, then it would seem to be one of the cases when the provisions of this section might be regarded as mandatory.

But whether this be so or not, there can be no doubt but that the case is one in which the court may properly exercise its discretion in granting the order. Such discretion, when exercised in a proper

case, should not be interfered with on appeal unless the appellate court can clearly see that there was an abuse of its exercise. Nothing of that kind appears in this case. The favor was properly granted on terms which appear reasonable. Nor do we think, under the facts appearing in this case, that the plaintiff was guilty of such *laches* as to deprive him of this relief.

The order should be affirmed, with ten dollars costs and printing disbursements.

PUTNAM, J., concurred; HERRICK, J., not acting.

Order affirmed, with ten dollars costs and printing and other disbursements.