Hatch, J.
This action is brought against a physician, to recover damages for alleged malpractice, and was commenced by the service of a summons on September 6,1894. Issue was joined therein, by the service of an answer, December 10, 1894. The cause is-now on the calendar of the present court for trial. On January 14, 1895, defendant brought an action in the municipal court of Buffalo to recover of plaintiff a balance claimed to be due for services rendered, out of which the alleged malpractice grew, and also for services rendered the family of plaintiff. Thereafter, and on the 30th day of January, 1895, judgment was rendered therein in favor of plaintiff against defendant, for the sum of $43.25, damages and costs, of which sum $19.25 was allowed plaintiff for the services out of which the action arose. The plaintiff appeared in the last actiotl, but offered no defense. Immediately upon the expiration of the time in which an appeal might be taken'from this judgment, defendant served the motion papers in this proceeding. The right to serve a supplemental answer is not a legal right, but rests.in the sound discretion of the court. Fleischmann v. Bennett, 87 N. Y. 231. The application has been and may be denied where there is reasonable ground to believe that injustice will be done, or fraud triumph, or where loches has intervened. Holyoke v. Adams, 59 N. Y. 233 ; Campbell v. Campbell, 7 St. Rep. 443; Hasbrouck v. Disbrow, 24 id. 428. Ordinarily, courts allow amendments and supplemental pleadings where the matter sought to be set up presents a determination of the question involved; and, where a judgment is sought to be pleaded which determines the merits of the controversy, it should be allowed without hesitancy, as it is idle to retry issues which have once been fairly determined. This rule, however, is not inexorable, and- pleads with less favor where the defense sought to be interposed is of a purely technical character. It appears, with reasonable clearness, that the suit in the municipal court was instituted for the purpose of creating a bar. It does not appear that any attempt was made to enforce the judgment obtained, and as soon as the time expired in which an appeal could be taken, and the judgment had become absolute, this motion was made. The cause has been noticed for trial by both parties, and both have filed notes of issue. The merits of the issue have never been tried, and never will be, if the supplemental pleading be allowed. Injustice may be accomplished thereby, and as plaintiff proceeded in the cause after he had recovered his judgment, and-has taken the necessary step to bring the issue to a trial, it is no injustice to him to hold that he has elected to stand upon the merits, as a defense, and should not now be permitted to change his position by the technical plea. What the effect of the judgment is as evidence, or .in what respect plaintiff can avail himself of it, is not now before us, and no opinion is expressed thereon. This motion is determined upon the particular facts now present, as must be every motion of a like character.
Motion denied.