(6 App. Div. 378)

### BANK OF METROPOLIS v. LISSNER.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. PLEADING—SUPPLEMENTAL—LEAVE TO MAKE—DISCRETIONARY WITH COURT.
    It is discretionary with the court to grant or to refuse an application for leave to file a supplemental pleading, though Code Civ. Proc. § 544, provides that "upon the application of either party the court may, and, in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made."

2. SAME—SUPPLEMENTAL ANSWER—WHEN DENIED.
    Where the matter sought to be pleaded by supplemental answer would, if admissible, have the same effect, when proved as evidence, as it would if pleaded, and proved after the pleading had been served, leave to serve will be denied.

Appeal from special term, New York county.

Action by the Bank of the Metropolis against Jacob L. Lissner. From an order granting defendant leave to serve a supplemental answer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and O'BRIEN, JJ.

Geo. Putnam Smith, for appellant.

D. Leventritt, for respondent.

PER CURIAM. In spite of the mandatory language of section 544 of the Code of Civil Procedure,[1] it is nevertheless within the discretion of the court to grant applications of this kind or to refuse them (Fleischmann v. Bennett, 79 N. Y. 579), and they will be refused whenever it appears that an injustice would be worked by allowing a supplemental answer to be served (Holyoke v. Adams, 59 N. Y. 237). It is quite clear in this case, we think, that it would be unjust so far to decide the question of the admissibility of this evidence as might even inferentially be done by permitting the supplemental answer to be served. No injustice can be done to the defendant by denying this motion, because, if the adjudication in the former action is admissible in this case, it will have the same effect, when proved as evidence, as it would if pleaded and proved after the pleading had been served. Krekeler v. Ritter, 62 N. Y. 372.

The order is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

_____

[1] Code Civ. Proc. § 544, provides, among other things, that "upon the application of either party the court may, and, in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made."