### CONRIED v. WITMARK et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

INJUNCTION—AMENDMENT TO SUPPLEMENTAL ANSWER—JUDGMENT OF FOREIGN COURT.

Plaintiff sued in December, 1901, to restrain defendants from performing certain operas, claiming that under a contract with the composer of the operas, annexed to the complaint, he had become the exclusive owner of such operas. In March, 1902, defendants moved for leave to file a supplemental answer, alleging that since the commencement of the action a court of competent jurisdiction in the empire of Austria had adjudged, in an action by the widow of the composer against plaintiff, that plaintiff's rights under the contract terminated prior to the commencement of the presentation. Defendants' attorney deposed that the first knowledge which defendants obtained of the rendition of the foreign judgment was on the 1st day of February, 1902. *Held*, that defendants should have been allowed to file the proposed supplemental answer, the determination of the validity, force, and effect of the foreign judgment being for the court on trial of the case, and not on the motion.

Appeal from special term, New York county.

Action by Heinrich Conried against Marcus Witmark and others. From an order denying defendants' motion for leave to file a supplemental answer, they appeal. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Benno Loewy, for appellants.
I. M. Dittenhoefer, for respondent.

INGRAHAM, J. This action was brought to restrain the defendants from performing, or authorizing or permitting the performance of, certain operas composed by one Johann Strauss, the plaintiff claiming that by virtue of an agreement with the said Strauss he had become the sole and exclusive owner of all the plays, dramas, comedies, or operettas composed by him up to and including March 15, 1896. The defendants deny the making of the agreement, or that Strauss wrote, originated, or composed any of the said operettas or operas, or that he ever had any title thereto; and deny other allegations of the complaint. In March, 1902, the defendants made a motion for leave to serve a supplemental answer, which alleges that since the commencement of the action in December, 1901, the widow of Strauss, referred to as the maker of the contract set up in the complaint, brought an action in a court of competent jurisdiction in the empire of Austria against the plaintiff for the purpose of procuring a judgment declaring and adjudging that the contract annexed to the complaint and all the rights of the plaintiff therein

and thereunder had ceased and determined; that the summons in that action was duly served personally upon the plaintiff, who duly appeared in the action; that judgment therein was duly rendered by said court after a trial upon the merits; that in and by said judgment it was duly adjudged and determined upon the merits that under the contract entered into between the plaintiff in this action and the said Strauss, which is the contract annexed to the complaint, there was transferred to the defendant in said action the exercise of the right to performances only, and of the right to permit third persons to perform the same for a percentage of royalty or for a lump sum consideration, for the period from March 15, 1891, to March 15, 1899; that said contract terminated on March 15, 1899, and that consequently these rights do no longer exist since March 16, 1899. A copy of this judgment is annexed to the proposed supplemental answer. Annexed to this is an affidavit of the plaintiff's attorney, which states that the first knowledge which the defendants received as to the rendition of this judgment was on the 1st day of February, 1892, and that the motion was made as soon as an exemplified copy of the judgment arrived. This motion was denied by the court upon the authority of Bank v. Lissner, 6 App. Div. 378, 40 N. Y. Supp. 201. It was decided, upon the peculiar facts there appearing, that it would be unjust in that case to permit the supplemental answer to be served. There is nothing that appears from this record to show that there would be such injustice in this case. The contract here is in the German language, and was made between the plaintiff and Strauss, who seems to have been a resident of the empire of Austria. In a litigation between Strauss' widow and the plaintiff it has been decided by the courts of Austria that this contract is not now in force. Whether or not that judgment will be binding as an adjudication upon the plaintiff in this action is a question which should be determined in the regular way upon the trial, and not upon a motion of this character, the object of this pleading being to place this foreign judgment before the court, so that its effect can be determined. The right of either party to review a decision upon this question would be taken away if we should affirm this order upon the ground that this judgment was not admissible as against the defendant, or had no force as an adjudication, or as evidence as to the construction to be given to this contract. The particular facts that influenced the court in the case of Bank v. Lissner, supra, upon the authority of which the court below seems to have denied this motion, do not appear in this case, and there is nothing in this record to justify us in holding that there would be any injustice to the plaintiff in allowing the defendants to raise this question as to what effect, if any, would be given to this judgment in a proper way upon a trial of the case; and in reversing this order and permitting the pleadings to be served we do not pass upon the validity of this defense or upon the question as to whether or not this plaintiff is, in any way, bound by this adjudication. We simply decide that the defendant should be at liberty to offer this adjudication in evidence upon the trial, and have its effect there determined.

The order appealed from should, therefore, be reversed, with $10 costs and disbursements, and the motion granted, the defendant to be allowed to serve the supplemental answer annexed to the moving papers. All concur.