JONES, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant (two cases). (Supreme Court, Appellate Division, Second Department. June 24, 1904.) Actions by Atha-

lia Jones and by George E. Jones against the Brooklyn Heights Railroad Company. H. F. Ives, for appellant. Don R. Almy, for respondents.

PER CURIAM. Judgments and orders reversed, and new trial granted, costs to abide the event, on the ground that, by the decision rendered herewith on the appeal from the order denying the motion to allow supplemental answer to be served, the issue has been changed.

HOOKER, J. (dissenting.) These actions were commenced by service of summons and complaint on the defendant on or about the 15th day of April, 1902. That of Athalia Jones was brought to recover damages for personal injuries alleged to have been received by her while a passenger on one of the defendant's cars, and that brought by George E. Jones to recover for the loss of the services of his wife, Athalia. The accident occurred on the 12th day of March, 1902. On or about the 4th day of February, 1903, the defendant settled the actions directly with the plaintiffs upon the payment of $8 to the wife and $2 to the husband. The case appeared on the so-called "reserve calendar" on the 30th day of November, 1903, at which time it was marked "ready for trial" without objection. A few days thereafter the case again appeared on the ready calendar, and the defendant's attorney and the attorney for the plaintiffs both stated to the court that the case was ready for trial. The first intimation the attorney for the plaintiffs had of the settlement of the cases was about noon on the second day before this application for leave to serve supplemental answers was made. It appears from the affidavit read in opposition to the motion that plaintiffs' attorney had subpœnaed all of the witnesses for the trial of the case, and held them at court for a period of four or five days; that he had been put to considerable expense in preparing the cases for trial, and had employed counsel to assist him; that counsel had been present ready to proceed with the trial of these cases on the 8th and 9th days of December. The plaintiffs contended upon the argument of the motion that leave to serve supplemental answers should be denied, upon the ground that the defendant had been guilty of gross laches. The motions were denied, and defendant appeals to this court. The right to serve supplemental answer is not a legal right, and rests with the sound discretion of the court. Haas v. Colton, 12 Misc. Rep. 308, 34 N. Y. Supp. 35. Although, under section 544 of the Code of Civil Procedure, it seems to be mandatory, it is within the discretion of the court to grant or refuse an application for leave to serve supplemental pleadings. O'Brien v. Met. St. R. Co., 27 App. Div. 1, 50 N. Y. Supp. 159. This discretion, like other discretions at Special Term, should not be interfered with, except we can clearly see that improper result has been reached. Patterson v. Hare, 74 Hun, 269, 26 N. Y. Supp. 626. Unexplained and unexcused laches have long been held to require a denial of motions of this character. Bank of Metropolis v. Lissner, 6 App. Div. 378, 40 N.

Y. Supp. 201; Barstow v. Hansen, 2 Hun, 334; McDonald v. Davis, 12 Hun, 95; Holyoke v. Adams, 59 N. Y. 233. The delay in this case was from the 4th day of February, 1903, the date of the alleged settlement, until the 8th day of December, 1903, the date upon which the order to show cause was granted. During the last few days of this period of time the defendant allowed the plaintiffs' attorney to prepare for trial, subpœna his witnesses, employ a counsel, and incur other expenses, without any intimation or suggestion to him that the cases had been settled. He was not only lulled to sleep by the nonaction of defendant's attorney in respect to informing him of the alleged settlement, but was affirmatively led to believe that the issues were alive, and would be tried as soon as the business of the court would permit his case to be reached; for it appears uncontroverted in the affidavit that the attorney for the defendant answered "ready" on one or more occasions when the calendar was being made up. In Medbury v. Swan, 46 N. Y. 200, the delay to plead a discharge in bankruptcy did not exceed 15 months, and yet the court for that reason, in the exercise of its discretion, denied leave to present it as a defense by way of supplemental answer. See note of this case in Barstow v. Hansen, 2 Hun, 236. The only circumstances the defendant claims to exist by way of excuse or explanation of the laches is that it is the custom of the defendant, when it settles cases directly with the parties, without the knowledge of their attorneys, to compensate them for their liens when they appear for trial on the day calendar of this court. Such circumstances do not make out an excuse. The practice is rather, on the other hand, to be criticised, as actually incumbering the trial calendars of this court with cases which have been settled* and are dead issues. The discretion exercised at Special Term was such that we do not feel at liberty to interfere. The orders appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., concurs.