(101 App. Div. 147)

### CULLEN v. WILLIAM E. UPTEGROVE & BRO.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. APPEAL—SUPERSEDEAS—STAY ORDERS.

Plaintiff obtained a verdict against defendant, which defendant moved to set aside. On this motion the verdict was reduced, and a new trial was ordered if plaintiff failed to consent to the reduction. Plaintiff appealed from the order, and defendant appealed from so much of the same as failed to unconditionally grant the relief sought. Held, that an order staying all proceedings under the order reducing the verdict, except to permit an appeal from such order, was proper, and in obtaining the same plaintiff was not attempting to enjoy the fruits of the order and appeal from it as erroneous, as, under Code Civ. Proc. § 1317, the Appellate Division might reverse or affirm or modify the order appealed from, and might grant a new trial, so that plaintiff was liable to finally recover less than was given him by the order appealed from.

Appeal from Special Term, Kings County.

Action by John J. Cullen against William E. Uptegrove & Bro. From an order granting a stay pending appeals by both parties from an order of the Special Term, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John Vernon Bouvier, Jr., for appellant.
Ira Leo Bamberger, for respondent.

WOODWARD, J. In an action to recover damages for personal injuries the defendants' motion to set aside a verdict in favor of the plaintiff for $6,000 on the ground, among others, that it was excessive, was granted, unless "within twenty days after service of a copy of this order, with notice of the entry thereof, upon plaintiff's attorney, plaintiff shall stipulate to reduce said verdict to fifteen hundred dollars ($1,500), and shall file such stipulation in the office of the clerk of the county of Kings, and serve upon defendants' attorney a copy thereof, with notice of such filing." Thereafter the plaintiff appealed from "each and every part of the said order," and the defendants from "so much of the order * * * as denies defendants' motion to set aside the verdict and the defendants' motion for a new trial." The plaintiff then obtained an order at Special Term staying "all proceedings under the order entered herein * * * reducing the verdict herein to $1,500, save to appeal from said order," and directing "that the time within which the plaintiff may stipulate to reduce said verdict be, and the same is hereby, extended to and including twenty days from and after the hearing and determination of the appeal from said order." From this order the defendants appeal.

In applying for a stay of proceedings under the order granting, conditionally, the defendants' motion to set aside the verdict, the plaintiff asked no more than that he be left in statu quo as of the date that order was made, until the order might be reviewed on appeal. He has not attempted to exercise the inconsistent rights of enjoying the fruits of the order and at the same time appealing from it as erroneous. Quite the reverse. He asks that the alleged benefit of the order be not forced upon him so precipitously as to imperil a privilege which he seems to esteem more highly—his right to appeal. The order of the trial court did not present to the plaintiff the alternatives of appealing, or of stipulating for a reduction in the verdict, but rather of stipulating or of permitting the verdict to be set aside. In the case of Bennett v. Van Syckel, 18 N. Y. 481, the defendant had taken proceedings to obtain certain moneys deposited in court pursuant to the judgment from another part of which he had appealed, and he had also proceeded upon an indemnity bond executed and filed by the plaintiff pursuant to that judgment. It was held that the election to take these proceedings to enforce the part of the judgment which was in his favor operated as a waiver of his right to appeal from those portions of the judgment which were against him. So in Knapp v. Brown, 45 N. Y. 207, where the plaintiff had issued execution on the part of the judgment rendered in his favor, and had collected the amount thereof, it was held that his right to appeal from the judgment had been waived. And in Alexander v. Alexander, 104 N. Y. 643, 10 N. E. 37, the plaintiff, after perfecting an appeal, accepted and retained

a portion of the proceeds of a partition sale awarded him by the judgment appealed from. His appeal was dismissed. In all of this line of cases the rule relied upon by the defendants has been applied only where the party appealing has accepted some substantial benefit under the judgment appealed from. But this plaintiff has done nothing of the kind. Nor is it true, in any proper sense, that he is seeking by this appeal to "gain the right to recover more without incurring the hazard of recovering less," as was said in the Alexander Case, supra, page 645, 104 N. Y., page 39, 10 N. E. He has appealed from the entire order. The appellate court may dispose of the case in any of the various ways mentioned in section 1317 of the Code of Civil Procedure. He may "recover more," and the possibility of "recovering less" is not a remote one. The plaintiff has his right of appeal, and a rule which would invest the order of the trial court with such finality, in whole or in part, as would cut off this right, would be a highly improper one. In the authorities above cited it was the affirmative act of the appealing parties that worked the waiver, not the judgments or orders themselves. The very act which the defendants demand that the plaintiff shall perform has been held sufficient to defeat a right to appeal. In Sperry v. Hellman (Com. Pl.) 13 N. Y. Supp. 271, a plaintiff who had stipulated that the amount of a judgment be reduced to a specified sum, pursuant to the direction of the General Term, was held to have thereby waived his right to take a further appeal to the Court of Appeals. It will work no hardship to the defendants if the plaintiff retains his right to stipulate for a reduction until after the determination of the cross-appeals; while the defendants' contention that they may properly accept the obvious benefit of that part of the order which requires the plaintiff to stipulate, and at the same time prosecute an appeal from the remainder of the order, suggests an anomaly which is made more striking by their argument against the plaintiff's rights in the matter. We think the order was granted by the Special Term in the proper exercise of the discretion, and should not be disturbed. See Patterson v. Hare, 74 Hun, 269, 26 N. Y. Supp. 626.

The order should be affirmed, with $10 costs and disbursements.

HIRSCHBERG, P. J., and JENKS and HOOKER, JJ., concur.