## SERRELL v. FORBES.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. PLEADING—AMENDMENT—ACCEPTANCE OF COSTS—WAIVER OF OBJECTION.

Where plaintiff is granted leave to amend on payment of the accrued costs, acceptance of these by defendant waived her right to appeal from the allowance of the amendment.

2. SAME—LIMITATIONS.

The allowance of an amendment introducing a new cause of action does not deprive the defendant of the right to plead the statute of limitations.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, § 545.]

3. SAME—ACKNOWLEDGMENT OF DEBT.

Where defendant sent plaintiff's intestate a bill for services rendered to a third person, and intestate replied that the matter would have his earliest attention, and that he considered himself responsible for the bill, there was a sufficient acknowledgment of debt and promise to pay to interrupt the running of the statute of limitations under Code Civ. Proc. § 395, providing that an acknowledgment or promise contained in a writing signed by the party to be charged is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the statute of limitations.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, §§ 599, 600.]

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by Harrold Serrell, as surviving partner, against Francis Forbes. Pending the action defendant died, and Emma J. Forbes, administratrix, was substituted. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Charles T. Haviland, for appellant.
E. Walter Beebe, for respondent.

HATCH, J. This action was originally brought against Francis
Forbes, the defendant's intestate, an attorney at law, and one
Joseph Sachs, on an alleged joint obligation to pay for certain pro-
fessional services rendered to the defendants jointly by the plain-
tiff's firm. The latter were engaged as patent solicitors, and the
services which form the subject of this action were averred to have
been rendered in and about procuring patents upon certain inven-
tions made by the defendant Sachs between the 16th day of March,
1893, and August 9, 1895. The summons was served upon the de-
fendant Francis Forbes on the 19th day of November, 1900, and
upon Sachs on the 21st day of November, 1900. Forbes served an
answer denying the employment and averring that such services as
the plaintiff's firm had rendered were so rendered to the defendant
Sachs, and that he was not responsible therefor. Forbes died in
1904, and shortly thereafter the present defendant was substituted
as his personal representative. The action proceeded to trial, when
the defendant made a motion to dismiss the complaint upon the
ground that it did not show that an effort had been made to collect
for the services from the defendant Sachs, or that he was not re-
sponsible and able to pay the same. Thereupon the plaintiff made
application to withdraw from the trial for the purpose of making a
motion to amend his complaint. Such permission was given, and
thereafter he moved at Special Term for an order granting leave to
amend the summons and complaint by striking out Sachs as a party
defendant and charging the defendant Forbes as solely liable for
the services that had been rendered. The motion was opposed by
the defendant upon the ground that it would be permitting the
plaintiff to set up a new and different cause of action, and also
one that was barred by the statute of limitations. The relief asked
for was granted upon payment by plaintiff to the defendant of the
taxable costs up to that date. Thereupon the plaintiff made com-
pliance with the terms of the order by serving an amended sum-
mons and complaint and paying the costs provided for therein.
The defendant accepted the amended pleadings and the costs, and
took no appeal from the order. She served an answer to the
amended complaint, interposing substantially the same defense as
in the prior answer, and, in addition thereto, pleaded that the plain-
tiff's cause of action was barred by the statute of limitations.

It may be that the court had no power to authorize the amend-
ment which it granted, as it essentially changed the cause of ac-
tion by substituting therefor an entirely new and different claim
against a different party. Such objection, however, is not now
available to the defendant, for the reason that she received, ac-
cepted, and retained benefits derived from the order, and must
therefore be deemed to have acquiesced therein, and to have waived
her right to question the same. Cullen v. Uptegrove, 101 App.
Div. 147, 91 N. Y. Supp. 511. The defendant, under the amend-

ment, was not deprived of her right to plead the statute of limitations as a defense.   Davis v. R. R. Co., 110 N. Y. 647, 17 N. E. 733.

The evidence given upon the trial and the inferences arising therefrom were somewhat conflicting, and the jury would have been authorized to find that the obligation assumed by Forbes was simply as guarantor for the payment of the debt of Sachs incurred by the services rendered.   There was also evidence authorizing the jury to find that, on the contrary, an original obligation was entered into by Forbes to pay for the services which were to be rendered by the plaintiff's firm.   In the conversation which was had between the parties at the time of the employment, Sachs was not present, nor was he mentioned save as a man having some inventions which Forbes desired to have patented, and his undertaking at that time was to be responsible for the payment for such services as the plaintiff's firm might render.   Various items of evidence and circumstances were presented by the parties bearing upon this subject, sufficient, we think, to make such question one of fact for the jury.   Upon this issue the court submitted it to the jury as a question of fact under a very full and complete charge.   The jury found that the obligation assumed by Forbes was primary, as the court charged in express terms that, unless they so found, the plaintiff was not entitled to recover, and the defendant was entitled to a verdict.   We think the evidence was sufficient to authorize the jury so to find, and that no error was committed in this respect which requires reversal of the judgment.

The defendant claims that the evidence justified a finding that the cause of action was barred, and, if the case be considered alone upon proof as to the particular dates upon which services were rendered or payments made as claimed by the plaintiff, it would doubtless have presented a question of fact for the jury as to whether the statute had run; and as to such question error would have been committed, as the court, upon request, refused to submit such question to the jury, and held, as matter of law, that the case was removed from the operation of the statute by reason of the acknowledgment of the debt by defendant's intestate, assuming the statute had run.   In the disposition of the present appeal we assume, therefore, that the proof was insufficient to show that services were rendered or payments made upon the bill within a time to prevent the running of the statute.   We are thus brought to a consideration of the letter of Mr. Forbes as a sufficient acknowledgment of the debt and promise to pay to take the case out of the statute, within the provisions of section 395 of the Code of Civil Procedure.   Upon this subject proof was given that under date of January 8, 1895, the plaintiff's firm wrote to Francis Forbes the following letter:

"Dear Mr. Forbes:  In making up my bills for the last year, I find that the matter of Mr. Sachs has remained stationary, with over $700 coming to me.  Quite a large portion of this has been money paid out for work done by employees, besides considerable cash.  Of course, I did not undertake to get Mr. Sachs upon his feet or to introduce his inventions, but I have said nothing specially about this account because I knew the mater had not pro-

gressed as you anticipated. Please let me know what you can do in this matter as my finances are crippled by several matters that are delayed.
  "Yours truly,           , Lemuel W. Serrell."

To this letter Mr. Forbes replied under date of January 12, 1895:

"Dear Mr. Serrell: Yours of the 8th instant, received, and will have my earliest attention. I consider myself responsible for this bill of Mr. Sachs.
  "Yours truly,           Francis Forbes."

There can be no question but that the language of the letter of Mr. Forbes constitutes an acknowledgment of the debt to which his attention had been called, and there is nothing therein inconsistent with an intention on the part of the writer to pay it. This would seem to make it a sufficient acknowledgment to remove the claim from the operation of the statute, within Manchester v. Braedner, 107 N. Y. 346, 14 N. E. 405, 1 Am. St. Rep. 829, and it was made under such circumstances as fairly imply a promise to pay. This seems to be, therefore, a sufficient compliance with the terms of the statute. Conn. Trust & S. D. Co. v. Wead, 172 N. Y. 497, 65 N. E. 261, 92 Am. St. Rep. 756. The acknowledgment is not inconsistent with the claim that Mr. Forbes was a mere guarantor of the debt, and that the primary obligor was Sachs. But the jury having found, upon sufficient evidence for that purpose, that the primary obligation was that of Forbes, this letter must be considered as an acknowledgment of his debt, and it is susceptible of such construction. The court was therefore correct in holding and charging the jury that this acknowledgment operated to take the claim out of the bar of the statute. This holding was in harmony with the charge which the court had made that, unless the obligation of Mr. Forbes at the inception of the employment was primary upon his part, there could be no recovery in favor of the plaintiff in the action.

These views dispose of all the material questions raised, and we find no others which require comment. It follows, therefore, that the judgment and the order denying motion for a new trial should be affirmed, with costs, and the appeal from the order permitting amendment of the summons and complaint dismissed, without costs. All concur, except INGRAHAM, J., who dissents.