## McMAHON v. MYERS et al.

(Supreme Court, Special Term, New York County. October 2, 1908.)

1. APPEAL AND ERROR (§ 624*)—TIME FOR FILING RECORD—EXTENSION—GROUNDS.

Defendant was not entitled to 20 days' extension to file the record on appeal from an order overruling his demurrer to the complaint because a previous appeal from an order denying his motion to dismiss the complaint for failure to give security for costs was pending, and he believed that the latter order would be reversed and that it would be then unnecessary to print the record on appeal from the order overruling the demurrer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2738; Dec. Dig. § 624.*]

2. APPEAL AND ERROR (§ 624*)—TIME FOR FILING RECORD—EXTENSION—GROUNDS.

Nor was it ground for such extension that, if defendant moved to open his default and for leave to answer pending his appeal from the order overruling his demurrer, he would be exercising the inconsistent rights of applying for relief under the order overruling the demurrer and at the same time appealing from the order as erroneous, or that if he did not move to open the default he would thereafter be charged with laches.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2738; Dec. Dig. § 624.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Stephen A. McMahon against Saul S. Myers and others. Motion by defendant Joseph E. Simon for an extension of time within which to file the record on appeal. Motion denied.

Order affirmed 112 N. Y. Supp. 1136.

Charles Hoffmann, for the motion.

Alexander Thain (Otto G. Foelker, of counsel), opposed.

GIEGERICH, J. The defendant Simon asks for an order extending his time 20 days to file the record on an appeal which he has' taken from an order overruling his demurrer to the complaint. He asks for such extension upon the ground that there is a previous appeal now pending which he took from an order denying his motion to dismiss the complaint on the ground that the plaintiff had not given security for costs as required by the provisions of the order of the court. One reason assigned why such an extension should be granted is the belief of the moving party that the order refusing to dismiss the complaint will be reversed, and that it will consequently be unnecessary for him to print the record on appeal from the order overruling his demurrer. Another reason is that, if he moves to open his default and for leave to answer the complaint pending his appeal from the order overruling his demurrer he will place himself in the position of attempting to exercise the inconsistent rights of applying for relief under the order overruling the demurrer, and at the same time appealing from the order as erroneous, or, on the other hand, if he does not move to open his default he will hereafter be charged with laches, and claims that in order to fully protect his rights it is necessary to await the determination of the appeal from the order denying his motion to dismiss the complaint, and then, if the order is affirmed, to make an order staying all proceedings under the order overruling the demurrer pending the appeal therefrom.

I cannot agree with the theory thus set forth. No sufficient reason is shown why the appeal from the order overruling the demurrer should not proceed at once. So far as concerns the question of laches, the position of the defendant Simon will be no worse if he prosecutes his appeal from the order overruling the demurrer with diligence than it would be if he procures delay. There doubtless are cases where parties litigant are placed in such positions that they should not be required to make an election of a vital character until an appeal has been had, and such was the situation in Cullen v. Uptegrove, 101 App. Div. 147, 91 N. Y. Supp. 511, relied upon in support of this motion, in which case a verdict in favor of the plaintiff for $6,000 in an action for personal injuries was ordered to be set aside unless within 20 days after service of a copy of the order setting it aside the plaintiff should stipulate to reduce the verdict to $1,500. Both sides appealed from the order, and the court held that it was a proper exercise of discretion to stay all proceedings under the order reducing the verdict, except to appeal therefrom, and to direct that the time within which the plaintiff might stipulate to reduce the verdict be extended until 20 days after the determination of the appeals from the order reducing the verdict. The difference between that case and the present one is manifest without argument.

The motion for an extension of 20 days should therefore be denied, with $10 costs to abide the event; but some slight extension of time may be provided in the order to be entered hereon, to enable the defendant Simon to file his record on appeal. Settle order on notice.