## FRANCK v. BYRON W. GREENE, JR., CO.

(Supreme Court, Appellate Division, Second Department. January 21, 1910.)

1. PLEADING (§ 280*)—SUPPLEMENTARY ANSWER.

Under Code Civ. Proc. § 544, which provides that either party may make supplemental pleadings alleging material facts which occurred after his former pleading, including the judgment or decree of a competent court, rendered after the commencement of the action, determining the matters in controversy or a part thereof, etc., where an action for breach of contract was begun on December 24, 1908, and issue joined on January 13, 1909, and an action brought by the defendant against the plaintiff on the same contract was begun December 28, 1908, and issue joined, trial had, and judgment rendered in October, 1909, the judgment, having been rendered after the original action was begun and being of a competent court, determining the matters in controversy or a part thereof, is properly the subject of a supplemental answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 843, 844; Dec. Dig. § 280.*]

2. PLEADING (§ 280*)—SUPPLEMENTARY ANSWER—DECISION OF COURT.

Upon application for leave to serve a supplementary answer, pleading a judgment in favor of defendant upon the same contract rendered after the commencement of the action, the court only decides whether the plea should be tried by the trial court.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 280.*]

3. PLEADING (§ 280*)—SUPPLEMENTARY ANSWER—PLEADING—JUDGMENT—NECESSITY.

A supplementary answer, which showed that a subsequent judgment pleaded dealt with the subject-matter of the present action and touched the point of the contract, cannot be said to be bad or frivolous, since the judgment could not be available as a defense unless it was pleaded; hence it was necessary to apply for supplementary pleading.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 280.*]

4. PLEADING (§ 280*)—SUPPLEMENTARY ANSWER—MOTION FOR LEAVE TO SERVE—OBJECTIONS.

A contention that a motion for leave to serve a supplemental answer was' not meritorious because a stipulation was made for extension of defendant's time to amend its answer until February, 1909, and that an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amended answer was not served, cannot be sustained, where the judgment to be set up was not rendered until October, 1909, and the application to plead the judgment was made a short time after it was rendered.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 280.*]

Appeal from Special Term, Westchester County.

Action by Carl Franck against the Byron W. Greene, Jr., Company. From an order denying defendant's motion for leave to serve a supplemental answer, defendant appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and JENKS, THOMAS, BURR, and CARR, JJ.

Robert W. Crawford, for appellant.

Benjamin Bulmer, for respondent.

JENKS, J. The defendant appeals from an order of the Special Term that denies a motion for leave to serve a supplemental answer. The action is to recover damages for a breach of a contract to remove certain buildings. The answer is in effect a general denial. The proposed supplemental answer pleads that the defendant sued the plaintiff in the Municipal Court for work, labor, and services incident to the removal of the buildings, on the ground that the plaintiff had failed to perform the contract on his part, that after trial the defendant recovered a judgment, that such judgment is a bar, and that the doctrine of res adjudicata applies.

This action was begun on December 24, 1908, and issue was joined on January 13, 1909. It appears that the action in the Municipal Court was begun on December 28, 1908. Issue was joined, trial was had, and judgment was rendered in October, 1909. The judgment, then, was rendered after this action was begun, and if it was that of a competent court, determining the matters in controversy, or a part thereof, it is the subject of a supplemental answer. Section 544, Code of Civil Procedure. Upon such an application the court does not forestall the trial court to determine the effect of the proposed plea. It but decides whether the plea should be tried by the trial court. Conried v. Witmark, 73 App. Div. 185, 76 N. Y. Supp. 690; Silver & Co. v. Waterman, 122 App. Div. 373, 106 N. Y. Supp. 899.

We cannot say that the plea is bad or frivolous, for it appears that the adjudication in the Municipal Court deals with the subject-matter of this action and touches the point of the contract. And the affidavit of the plaintiff's attorney shows that the plaintiff sought to stay the Municipal Court action, to the end that all the matters in dispute be adjudicated in this action. The judgment of the Municipal Court could not be available as a defense in this action unless pleaded, and hence it was necessary that the defendant apply for a supplemental pleading. Lytle v. Crawford, 69 App. Div. 273–281, 74 N. Y. Supp. 660.

The learned counsel for the respondent contends that the motion was not meritorious, because a stipulation was made for extension of the defendant's time to amend its answer until February, 1909, and that an amended answer was not served. But the judgment which the

defendant would set up was not rendered until October, 1909. And it is also argued that the practice of the defendant is indicative of bad faith. We see nothing more than tactics which are frequently employed, and, on the other hand, it appears that the application to plead the judgment was made within a very short time after it was rendered.

We think that a proper exercise of discretion requires the granting of the motion, and hence we reverse the order, with $10 costs and disbursements, that the Special Term may dispose of it in accord with this opinion. All concur.

---

WALDMAN v. BROOKLYN UNION ELEVATED R. CO.

(Supreme Court, Appellate Division, Second Department. January 21, 1910.)

CARRIERS (§ 306*)—INJURY TO PASSENGER—NEGLIGENCE.

Where defendant railroad had the right to operate its trains over a bridge, and had charge of a platform thereon, which it invited the public to use, it was bound to exercise a high degree of care to protect passengers on such platform, and the mere fact that the city was in general possession of the bridge and attended to necessary repairs did not absolve defendant from liability for injuries to a passenger through the falling of a window in the wall above the platform.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1249; Dec. Dig. § 306.*]

Appeal from Municipal Court of City of New York.