JAMES A. BUCHANAN, Respondent, *v.* L. VICTOR HUNT, Appellant.

An order in supplementary proceedings directed the judgment debtor to deliver to· the sheriff a sum of money, which had been paid to him as wages after the institution of the supplementary proceedings. The defendant was a resident of Pennsylvania, and it appeared that the money was in that State. *Held,* that the order was erroneous ; that the court had no power to compel the debtor to go out of this State to obtain the money and bring it here.

*It seems* the most the court had power·to do was to require the debtor to transfer his title to the money to a receiver.

*Buchanan* v. *Hunt* (33 Hun, 329) reversed.

(Argued February 3, 1885 ; decided April 14, 1885.)

APPEAL from órder of the General Term of the Supreme Court, in the second judicial department, made September 9, 1884, which affirmed an order of the county judge of Orange county, in proceedings supplementary to execution, directing the defendant to pay over to the sheriff of said county the sum of $59. (Reported below, 33 Hun, 329.)

It appeared by the papers that defendant resided at Hawley, Pennsylvania, and was in the employ of a railroad company. Several days after the proceedings were instituted he received a check for his wages for the preceding month. He drew the money thereon, and it appeared that at the time of his examination the money was at Hawley.

*Lewis E. Carr* for appellant. The money which the order in question commanded the judgment debtor to pay over to the sheriff, under penalty of an attachment against him for default, not being in his possession or under his control at the time the order for his examination was served, the order was invalid. (*Tinker* v. *Crooks*, 22 Hun, 579 ; *Caton* v. *Southwell*, 13 Barb. 335 ; *Winters* v. *McCarthy*, 2 Abb. N. C. 357.) The judgment debtor being a resident of the State of Pennsylvania, and the property which the order directed him to deliver to the sheriff having been received by him in that

State, and it never having been brought within the State of New York, the court had no power or jurisdiction to make an order requiring him to bring it within the State of New York. (*Gardner* v. *Ogden*, 22 N. Y. 327, 339.) Proceedings supplementary to execution are regulated and governed solely by the provisions of the Code of Civil Procedure. It is there provided that such proceedings, whether in aid of the execution or otherwise, only apply to property which is not exempted from execution. (Code, § 2463; Brightly's Purdon's Digest Laws of Pennsylvania, 432, 433, 434; *Dieffendorf* v. *Fisher*, 3 Grant, 30; *Hunt* v. *Hunt*, 72 N. Y. 217; *S. C.*, 28 Am. Rep. 129.)

*John W. Lyon* for respondent. That part of the order which directs the judgment debtor to pay to the sheriff designated in the order the $59 received by him after the injunction order was served in this State and retained by the judgment debtor at Hawley, Pennsylvania, was proper, and the county judge had power to make such order. (Code, § 2447.) The forms of remedies, modes of proceeding and execution of judgments are to be regulated solely and exclusively by the laws of the place where the action is instituted. (2 Bouvier, 34, §§ 2, 4.)

RAPALLO, J. We are of opinion that the court had no power to compel the defendant to go out of this State to obtain and bring here the property, which by the order appealed from he is directed to deliver to the sheriff. It distinctly appears from the examination of the defendant that the proceeds of the check which he received for his January wages existed in money, and that at the time of his examination the funds were at Hawley, in the State of Pennsylvania. The most that the court could do was to require the defendant to transfer his title to the money to a receiver, in order that he might pursue it there. The defendant could not be compelled to go there and get the money to pay to the sheriff. Whether the money was, by the laws of Pennsylvania, exempt from the claims of creditors, and whether that exemption should be recognized

here, are questions which do not arise in this view of the case.

It further appears that the money in question was not received by the judgment debtor until after the institution of the supplementary proceedings.

The orders of the county judge and of the Supreme Court at General Term should be reversed as to the judgment debtor Hunt with costs.

All concur.

Orders reversed.