ARIZONA FIRE INSURANCE COMPANY, Judgment Creditor, *v.* JOHN E. KING, Judgment Debtor.

Supreme Court, Special Term, New York County, October 9, 1939.

*Cardozo & Nathan,* for the judgment creditor.

*William Otis Badger & Son,* for the judgment debtor.

BERNSTEIN, J. The judgment debtor is seeking here to discharge the receiver appointed on December 24, 1919, in supplementary proceedings under a judgment entered against him on July 18, 1918, to compel the receiver to render an accounting, and to pay over to him all moneys now in its hands. The principal ground of his application is that since, under section 44 of the Civil Practice Act, the judgment is presumed to have been satisfied on July 18, 1938, twenty years after its recovery, all moneys now remaining in the receiver's hands must be paid over to him by virtue of the provisions of section 798 of the Civil Practice Act. To this ground he adds another, that the judgment creditor, Arizona Fire Insurance Company, has been dissolved and is, therefore, no longer in existence. The judgment creditor not only opposes the application on both the facts and the law, but by cross-motion seeks a settlement of the submitted account of the receiver and an order directing that the balance in the hands of said receiver, after settlement, be paid over to Arizona Corporation Commission, as liquidating agent of the judgment creditor.

Without entering into a lengthy discussion of the facts set up in the voluminous affidavits and exhibits submitted by the parties, it is only necessary to state that the judgment creditor points to several payments made to the receiver and to a written acknowledgment of the debt as establishing a stay of the toll of the Statute of Limitations. It appears (a) that between September 19, 1919, and June 11, 1923, certain payments were received from the sheriff

under an execution against the judgment debtor's salary, (b) that from 1921 to 1939 various payments were received from an execution against the income of a trust fund of one Dudley, against whom the judgment debtor held a judgment, and (c) that on October 10, 1922, the judgment debtor himself paid the proceeds of sale of certain real estate in New Jersey which he had inherited from his mother. It appears also that in connection with the arrangement to make the last-mentioned payment the judgment debtor wrote a letter to the attorneys for the judgment creditor on July 25, 1922, which, in part, stated: " I hereby assign and agree to pay my share of the proceeds of sale to Cardozo & Nathan as attorneys for the Arizona Fire Insurance Company as soon as received, the same to be credited upon the judgment now held by that company against me."

To stay the running of the statute a partial payment must be the voluntary act of the debtor, and hence any such payment procured through legal coercion is insufficient for that purpose. " The efficacy of a payment to avert the effect of the statute as a bar resides in the conscious and voluntary act of the debtor, explainable only as a recognition and confession of the existing liability." (*Blair* v. *Lynch*, 105 N. Y. 636.) The payments cited under (a) and (b) easily fall into the category of forced payments, but that cannot be said of the payment of $1,015.63 made on October 10, 1922, as the proceeds of the sale of the New Jersey real estate, for the judgment debtor was under no legal compulsion to transfer the property or to turn over the proceeds of its sale to the judgment creditor in New York. (*Buchanan* v. *Hunt*, 98 N. Y. 560, 561.) That payment was clearly a voluntary payment under the distinction pointed out by the authorities.

Moreover, the letter written by the judgment debtor on July 25, 1922, constituted a definite acknowledgment of the indebtedness within the exception cited in section 44 of the Civil Practice Act, even though it did not express or imply a promise to pay, or specify the amount or character of the indebtedness. (*Fletcher* v. *Daniels*, 52 App. Div. 67; *Hodnett* v. *Gault*, 64 id. 163, 165; *Hyde Park Flint Bottle Co.* v. *Miller*, 179 id. 73.) As was said in the last-mentioned case: " The acknowledgment of the debt provided for under this section of the Code [Code Civ. Proc. § 376] is to be distinguished from that which is necessary to constitute a new or continuing contract under the Statute of Limitations (Code Civ. Proc. § 395). In that case it has been held that the acknowledgment of the debt must be under such circumstances as to imply a promise to pay. * * * The acknowledgment that the judgment was a subsisting obligation on December 26, 1902, rebuts the presumption that it had been paid prior thereto " (p. 74).

It may also be pointed out that there is a clear distinction between the rights of a receiver and a judgment creditor. Under the statute, the property of the judgment debtor, whether acquired before or after the appointment, becomes vested in the receiver. (Code Civ. Proc. § 2468; Civ. Prac. Act, § 807.) Even if the judgment against the judgment debtor become unenforcible because of the lapse of twenty years, it cannot divest the receiver of its right to collect under the judgment from Dudley, a third party. In *Palen* v. *Bushnell* (51 Hun, 423; appeal dismissed, *sub nom. Palen* v. *Bange*, 115 N. Y. 655) the court said: " The next proposition is that the judgment in the action in which the plaintiff is appointed receiver is paid and satisfied, and this is founded upon the presumption arising from the recovery of the judgment in August, 1862, which is more than twenty-five years ago. Section 376 of the Code provides that after a lapse of twenty years the presumption of payment of judgments shall be conclusive. But that section does not apply to a remedy founded upon the judgment instituted long before the period mentioned had expired" (p. 425).

The court is satisfied that the judgment creditor, Arizona Fire Insurance Company, is an existing corporate entity under liquidation by the Arizona Corporation Commission, and that if the judgment creditor is entitled to the proceeds in the hands of the receiver, those proceeds are properly payable to the Commission. It is also probably true that the Irving Trust Company has succeeded to the rights and duties of the American Exchange National Bank, as receiver, by operation of law, and is lawfully acting as such receiver. In any event, it has been accepted and recognized as such receiver by the judgment debtor, and he may not now be heard to question its authority. If, however, it is necessary for any purpose to dispel any doubt of the authority of said Irving Trust Company to so act, the order to be entered hereon may provide for its appointment as such receiver *nunc pro. tunc.*

The only other inquiry is as to the amount of compensation to which the attorney for the judgment debtor is entitled for services rendered by him in his successful action against Dudley. That compensation is fixed by the stipulation entered into between him and the receiver on March 12, 1920, on the basis of the amount collected. On that basis he is entitled to $4,095.88, plus disbursements of $269.22, or a total of $4,365.10, as heretofore retained by him. Since he has already paid over to the receiver the remaining proceeds of his collection, he is no longer chargeable with any part of such proceeds.

For the reasons stated, the motion of the judgment debtor is denied, and the cross-motion of the judgment creditor is granted

to the extent of approving the account of Irving Trust Company, as receiver, as modified by the additional charge of $831.57 received by it from the attorney for the judgment debtor, allowing said receiver its statutory commission of five per cent, and directing it to pay the balance thereafter remaining to Arizona Corporation Commission, as liquidating agent of Arizona Fire Insurance Company, the judgment creditor herein. Settle order.