In the Matter of CRISTINA DE B. PATIÑO, Judgment Creditor, against ANTENOR PATIÑO, Judgment Debtor.

Supreme Court, Special Term, New York County, December 13, 1945.

*J. Harlin O'Connell* for judgment creditor.

*Martin Stone* and *Joseph V. O'Leary* for receiver.

*Eugene W. Goodwillie* and *Wendell W. Forbes* for third party.

SHIENTAG, J. Two motions are made to compel a third party, the Bank of London and South America, Limited, hereafter called the " Bank ", to turn over to the receiver, in proceedings supplementary to execution, certain assets belonging to the judgment debtor.

In an action in this court, the judgment creditor recovered a judgment against the defendant, judgment debtor, in the sum of $530,347.86, which judgment was docketed on July 14, 1945, and remains wholly unpaid and unsatisfied. The judgment was recovered after personal service of the summons on the defendant, in the city of New York, on May 1, 1945. The defendant did not appear in the action and judgment was entered by default.

On July 18, 1945, a third party order was made herein by a justice of this court requiring Bank of London and South America, Limited, 34 Wall Street, New York, New York, to appear and be examined as a third party and that order contained the usual restraining provisions. Pursuant to that order, and the stipulation of counsel, the third party appeared for examination by Bernard Thomas Hart, its assistant subagent, at the offices of the third party in New York on July 24, 1945.

As a result of facts developed on that examination an order was made by a justice of this court on August 3, 1945, appointing Joseph V. O'Leary, Esq., receiver of all the property, equitable interests, rights and things in action, effects and estates, real and personal, of the judgment debtor. The said receiver duly qualified as such on August 7, 1945, by filing a bond approved in the manner provided by law, and has since been acting as receiver. The order appointing the receiver contained a further restraining provision with respect to certain specific securities which were held for the account of the judgment debtor on the books of the third party.

The " Bank " has offices in New York, in London, England, and in Santiago, Chile. The securities which the receiver is here attempting to reach were at one time pledged to secure a loan made by the New York agency of the " Bank ". Those securities were, and still are, located, in varying amounts, in New York, in London and in Santiago. The loan was paid on May 18, 1945. Up to July 17, 1945, the securities in the English and Chilean agencies of the " Bank " were held for the account of the New York agency of the " Bank ". They were held subject to a custodian agreement between the " Bank " (no specific agency designated) and the judgment debtor, dated January 1, 1940.

On July 17, 1945, one day prior to the service of the third party order, the judgment debtor directed the transfer of the securities in all of the agencies to the account of the " Bank's " head office in London. This purported transfer was attempted to be accomplished by book entries. It was not covered by a United States Treasury license, as was required, the judgment

debtor then being a " national ", of France and his accounts blocked. Application was thereafter made for a license which had not been issued up to the date of the making of these motions.

 The receiver and the judgment creditor urge that the assets in all three offices be turned over to the former in whom it is claimed title vested. In the language of General Ruling No. 12, issued April 21, 1942 (Code of Fed. Reg., Cum. Supp., tit. 31, p. 8849), under Executive Order No. 8389 of April 10, 1940 (Code of Fed. Reg., Cum. Supp., tit. 3, p. 645, as amd.), the purported transfer on the books under date of July 17, 1945, was " null and void " and may not be the " basis for the assertion or recognition of any right, remedy, power, or privilege with respect to, or interest in, any property while in a blocked account * * *." I hold, therefore, that, as to the deposits and securities of the judgment debtor which are in the possession of the New York agency, title thereto has vested in the receiver and the third party is directed to turn those over to him, subject to his obtaining the necessary license therefor (*Polish Relief Comm.* v. *Banca Nationala a Rumaniei,* 288 N. Y. 332).

The question remains as to what shall be done about the securities of the judgment debtor which are not located in the New York agency of the " Bank ", the third party herein. Under our law, title to these securities belonging to the judgment debtor, although located abroad, is vested in the receiver. The third party contends, however, that this court is without power to direct the turning over of those assets held for its account in the English and Chilean agencies of the " Bank ". In support of this contention it urges two grounds: first, that the securities, being without the State, the court's jurisdiction to compel the turn over is lacking; and second, that each banking branch is a separate and distinct legal entity. It is unnecessary for the purpose of these motions to consider the second point.

 In *Buchanan* v. *Hunt* (98 N. Y. 560, 561) the court held that a judgment debtor could not be directed to go from New York to Pennsylvania to bring back funds to meet his creditor's claim. It held, further, however, that he could be directed " to transfer his title to the money to a receiver, in order that he might pursue it there." The judgment debtor is not at present within this jurisdiction; this court therefore cannot direct him to transfer to the receiver his title to the securities located abroad. Clearly this court has no power to direct the third party to send its representatives to England and to Chile to

bring back the securities there located belonging to the judgment debtor.

It is urged, however, by the receiver that the third party has a right to the custody of the securities located abroad and that the court should order the third party to transfer to him this right of custody or possession. Such a transfer would serve no useful purpose. The third party claims no interest whatever in the securities which are physically located abroad. There is nothing of substance therefore, for this court to direct the third party to transfer to the receiver. If the third party, in reliance on the void direction of the judgment debtor of July 17, 1945, had sent any of the securities abroad in violation of the third party order served upon it, this court would have had power to deal with the situation.

Under the circumstances, therefore, all that this court should do is to adjudicate the question of title to the securities of the judgment debtor located abroad. I hold that the purported order of July 17, 1945, is void; that the receiver is vested with title to the securities of the judgment debtor located in England and in Chile but that he should proceed to enforce his title in the forum in which the securities are located or in which the defendant, judgment debtor, is found. This court, as a matter of comity, if nothing else, will not issue orders concerning property physically within the jurisdiction of a friendly foreign power which are, or may be, subject to orders of the executive or judicial branch thereof.

Settle order in accordance with the foregoing decision, which order shall contain a stay of ten days, and provide for an increase in the bond of the receiver if the parties in interest be so advised.