Order, Family Court, Bronx County (Allen Alpert, J.), entered on or about October 4, 2011, which denied respondent-appellant father’s objection to an order, same court (Ann Marie Loughlin, Support Magistrate), entered on or about June 14, 2011, denying his motion to vacate an order, same court (Robert Mulroy, Support Magistrate), entered on or about January 25, 2010, which dismissed with prejudice his petition to terminate the order of child support that requires him to pay $95 per week, plus arrears, unanimously affirmed, without costs.
The court erred in its determination that the objection was untimely, because the record before this Court does not establish that the order denying the father’s motion to vacate was served with notice of entry (see Matter of Belolipskaia v Guerrand, 65 AD3d 932 [1st Dept 2009]).
In any event, the father was not entitled to court-appointed counsel on his petition to terminate the order of support (see Family Ct Act § 262 [a]; cf. Matter of Scott v Scott, 62 AD3d 714, 715 [2d Dept 2009]).
In addition, Support Magistrate Mulroy properly found that the father did not establish that the subject child resided with the paternal grandmother, and not petitioner-respondent mother, during the relevant time period (see generally Matter of Jennifer H.S. v Damien P.C., 50 AD3d 588, 588 [1st Dept 2008], lv denied 12 NY3d 710 [2009]).
The father’s argument, raised for the first time on appeal, that the Family Court should have retroactively reduced his support arrears, is not properly before this Court. Indeed, the father’s argument should be made in an enforcement proceeding or in a petition to modify child support, not in a proceeding to terminate the support obligation completely, which is the only proceeding before this Court on appeal.
We have considered the father’s remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ.