OPINION OF THE COURT
Román, J.
On April 25, 1990, upon defendant’s default, judgment in this action, in the amount of $314,735.19, plus interest, was entered in plaintiff’s favor. On June 13, 1994, plaintiff assigned the judgment to the Cadle Company (Cadle). Pursuant to the assignment, Cadle was appointed “as the true and lawful attorney in fact for the Assignor [plaintiff], irrevocably, with power of substitution and revocation, to ask, demand and receive, and to issue executions, and take all necessary steps for the recovery of the money due or to become due on said judgment.”
On October 15, 2005, defendant filed for relief under chapter 7 of the United States Bankruptcy Code (11 USC).* Within the portion of his bankruptcy petition requiring an itemization of all unsecured debt, defendant listed a judgment awarded to *140 plaintiff in the amount of $10,000. Where the petition asked for an account number in reference to the judgment, defendant listed this action’s index number. Finally, in another portion of the petition entitled “Statement of Financial Affairs,” which required defendant to list all lawsuits to which he had been a party, defendant listed this action’s caption, its index number, and that it was disposed of by judgment. However, while this action was brought in Supreme Court, defendant stated in his petition that this action was brought in Civil Court.
In September 2011, since defendant had not made any payments on the judgment, Cadle sought to enforce the judgment by serving restraining notices and subpoenas on several individuals. Thereafter, and in response, defendant made a motion seeking, inter alia, a declaration pursuant to CPLR 211 (b). Specifically, defendant asked the motion court to declare that since plaintiff had not sought to enforce or collect on the judgment for more than 20 years from the time it was first entitled to enforce it, the judgment was presumed paid and satisfied and that, therefore, plaintiff was barred from enforcing it. Cadle opposed defendant’s motion, arguing that, pursuant to CPLR 211 (b), insofar as defendant acknowledged the judgment in the bankruptcy petition he filed in 2005, it had 20 years from the date of the acknowledgment to enforce the judgment.
Concluding that defendant’s failure to acknowledge the full amount of the judgment in his bankruptcy petition did not trigger the exception in CPLR 211 (b), the motion court granted defendant’s motion, declaring that the judgment was presumed paid and satisfied. Cadle appealed and we hereby reverse.
CPLR 211 (b) states, in pertinent part, that
“[a] money judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to enforce it. This presumption is conclusive, except as against a person who within the twenty years acknowledges an indebtedness, or makes a payment, of all or part of the amount recovered by the judgment, or his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgment must be in writing and signed by the person to be charged. . . . If such an acknowledgment or payment is made, the judgment is conclusively presumed to be paid and satisfied as against any person after the expiration *141 of twenty years after the last acknowledgment or payment made by him.”
Accordingly, unless the party against whom a money judgment is granted, inter alia, acknowledges his or her indebtedness in a signed writing, the statute of limitations for an action to collect on a money judgment is 20 years from the date that the judgment can first be enforced. If, however, a party acknowledges his or her indebtedness to a money judgment, the statute of limitations runs anew, and is then 20 years from the last acknowledgment.
Provided that the judgment debtor admits in writing that it owes a debt to the person to whom a money judgment is granted and that such admission is conveyed to the judgment creditor, such writing constitutes an acknowledgment of an obligation to pay (Fletcher v Daniels, 52 App Div 67, 68 [4th Dept 1900] [An acknowledgment, i.e. “a recognition of the debt (and) an admission that the writer is the debtor of the person addressed,” is sufficient to make a new date from which the statute of limitations commences to run]). Moreover, for purposes of CPLR 211 (b), such acknowledgment need not list the amount owed, the character of the obligation, or a promise to pay the debt (id. at 69; Matter of Bassford, 91 NYS2d 105, 114 [Sur Ct, Westchester County 1949] [construing Civil Practice Act § 44, statutory predecessor to CPLR 211 (b)], affd 277 App Div 1128 [2d Dept 1950]; Buckner v Bank of N.Y., 116 NYS2d 248, 249 [Sup Ct, NY County 1952] [same]; Arizona Fire Ins. Co. v King, 172 Misc 165, 167 [Sup Ct, NY County 1939] [same]; 2B Carmody-Wait 2d § 13:470 [“Unlike the rule applicable to claims other than judgments, however, an acknowledgment of a judgment debt need not imply a promise to pay, and a mere recognition of the judgment as a valid and subsisting obligation is sufficient to toll the statute (of limitations)”]).
In Matter of Bassford, the court, articulating the requisites constituting an acknowledgment under CPLR 211 (b), found that section 44 of the Civil Practice Act (statutory predecessor to CPLR 211 [b]) was satisfied when the decedent, who had been ordered to pay alimony to the creditor by a final divorce decree, sent the creditor a letter merely admitting the obligation to pay alimony pursuant to the decree (Matter of Bassford, 91 NYS2d at 111-112, 114). Even though the letter did nothing more than admit the debt owed, the court nevertheless held that it was a sufficient acknowledgment of the debt under Civil Practice Act § 44 because “the memorandum contemplated by *142 the statute need not contain, by express provision or by implication, a promise to pay nor specify the amount or character of the indebtedness” ( id. at 114).
Contrary to defendant’s contention, enforcement of the judgment issued against him is not barred by CPLR 211 (b). While Cadle first sought to enforce the judgment in 2011, more than 20 years after the judgment could have first been enforced, defendant acknowledged the judgment in 2005 within his bankruptcy petition, thereby recommencing the statute of limitations from that date. Based on the 2005 acknowledgment, the statute of limitations to enforce the judgment ran anew in 2005 and Cadle has until 2025 to enforce the judgment assigned to it by plaintiff. Since a debtor sufficiently acknowledges a debt pursuant to a judgment simply by admitting to the creditor in writing that a debt is owed, here, defendant’s listing of the judgment within his bankruptcy petition constitutes such an admission and is thus an acknowledgment under the statute. Moreover, insofar as an acknowledgment need not specify the amount nor the character of the debt owed (Matter of Bassford at 114; Buckner, 116 NYS2d at 249; Arizona Fire Ins. Co., 172 Misc at 167), defendant’s failure to list the correct amount of the judgment or the court in which it was obtained does not constitute a shortcoming which avails defendant. Logically, if an acknowledgment omitting the nature and the amount of the debt satisfies the statute, then certainly one which misrepresents both the amount of the judgment and the court in which it was obtained does so as well. This is particularly true here, where defendant unambiguously admitted the debt owed to plaintiff by correctly identifying the debtor, admitting that the debt arose from a judgment and listing the correct index number for the action giving rise to the debt.
Similarly, since an acknowledgment of a debt pursuant to a judgment under CPLR 211 (b) need not contain a promise to pay the debt (Matter of Bassford at 114; Arizona Fire Ins. Co. at 167), the listing of such a debt within a bankruptcy petition, which defendant avers implies an intent not to pay the debt, is nevertheless an acknowledgment under the statute (Cross & Beguelin v Hall, 170 NYS 64 [App Term, 1st Dept 1918] [merely listing a judgment within a bankruptcy petition was sufficient to interrupt the running of ths statute of limitations to enforce the judgment]). While it is certainly true that debts listed in bankruptcy indicate “an intention by the bankrupt not to pay” (In re Povill, 105 F2d 157, 160 [2d Cir 1939]), since under CPLR *143 211 (b) a debtor’s acknowledgment of a debt pursuant to a judgment need not contain an intent to pay, the debtor’s intent to pay is irrelevant.
To the extent that defendant avers that the bankruptcy petition was never provided to Cadle, the party which seeks the benefit of the acknowledgment, and that defendant never signed the petition as required by CPLR 211 (b), he raises these arguments for the first time on appeal. The arguments are thus not properly before this Court and cannot be considered (Matter of Reid v Moodie, 103 AD3d 441 [1st Dept 2013]).
Accordingly, the order of the Supreme Court, New York County (Anil C. Singh, J.), entered January 27, 2012, which granted defendant’s motion for a declaration that an April 25, 1990 judgment in the amount of $314,735.19 was conclusively presumed to have been paid and satisfied in accordance with CPLR 211 (b), should be reversed, on the law, without costs, the motion denied, the declaration vacated, and the matter remanded for further proceedings consistent with this decision.
Friedman, J.E, Saxe and DeGrasse, JJ, concur.
Order, Supreme Court, New York County, entered January 27, 2012, reversed, on the law, without costs, the motion denied, the declaration vacated, and the matter remanded for further proceedings consistent with this decision.

 The parties fail to apprise this Court of the outcome of the bankruptcy proceeding. Since with the bankruptcy proceeding defendant sought to discharge the judgment granted in plaintiff’s favor and plaintiff nevertheless continues to pursue payment, we presume that the debt owed was never discharged in bankruptcy.